Goodroe *vs.* Neal.

---

R. B. GOODROE, plaintiff in error, *vs.* THOMAS NEAL, defendant in error.

BY TWO JUDGES.)—The Ordinance of 1865, suspending the Statutes of Limitations, was of force, *proprio vigore*, irrespective of any confirmation of it by the Convention of 1868.    5th March, 1872.

Ordinance of 1865.    Limitation of Actions.    Before Judge JOHNSON.    Marion Superior Court.    October Term, 1871.

The case is reported in the opinion.

W. B. BUTT ; M. H. BLANFORD, for plaintiff in error.

E. M. MILLER ; E. H. WORRILL, for defendant.

MONTGOMERY, Judge.

This was an action by defendant in error against plaintiff in error upon two promissory notes, payable December 25, 1859, and December 25, 1860, the suit not having been commenced before July 24, 1869. Defendant pleaded the Statute of Limitations, making the point that the Ordinance of 1865, suspending the Statutes of Limitations, had no force *suo proprio vigore,* and took effect only after the confirming Ordinance of the Convention of 1868 gave it vitality; and that before the latter Ordinance was passed, the statute had fully run ; and hence, under the principle laid down in *Calhoun vs. Kellogg,* 41 Georgia Reports, 231, the plaintiff's action was barred.

I know of no reason why the Ordinance of 1865 did not take effect *suo proprio vigore,* which does not apply with much greater force to any ordinance of the Convention of 1868. Hence, no confirmation 'of an ordinance of the former convention by the latter could possibly give it any greater force than it intrinsically possessed.

Judgment affirmed.