JOHN O. KINSMAN *vs.* CITY OF CAMBRIDGE.

Middlesex.    January 10. — 12, 1877.    COLT & AMES, JJ., absent.

The St. of 1874, c. 341, extending the time for filing a petition, does not revive a right of action, for damages for land taken to widen a street, which was barred by limitation of time before the passage of the statute.

PETITION to the Superior Court, filed October 26, 1874, for a jury to assess damages occasioned to the petitioner's land by the widening of Watson Street in Cambridge. The case was submitted to the Superior Court, and, after judgment for the respondent, to this court on appeal, on an agreed statement of facts in substance as follows :

On December 6, 1873, the city council of Cambridge passed an order to widen Watson Street, and awarded damages which were not satisfactory to the petitioner. The city did not actually enter upon and take the land of the petitioner until August 1, 1874. No objection was made to the regularity of the proceedings, and the petitioner had no actual notice of the passage of the order until June 18, 1874.

If the petitioner, upon these facts, was entitled to a jury, the case was to stand for trial; otherwise, the petition to be dismissed.

*I. S. Morse*, for the petitioner.

*J. W. Hammond*, for the respondent.

BY THE COURT.    The St. of 1874, c. 341,* cannot be construed as reviving a right of action which was barred before its

* Section 1 of this act, which took effect upon its passage, June 18, 1874, is as follows: "If a person aggrieved by the indemnity awarded to him, or by

passage. *Wright* v. *Oakley*, 5 Met. 400. *Loring* v. *Boston*, 12 Gray, 209. It is unnecessary, therefore, to consider the other grounds of defence. *Judgment affirmed.*

the assessment of his damages sustained by the laying out, widening, altering, relocating or discontinuance of any highway, street, town way, foot way or private way, omits to file his petition for a jury to assess his damages within one year from the time of such laying out, widening, altering, relocating or discontinuance, and he has not received actual notice thereof at least sixty days before the expiration of such year, he may at any time within six months after his land shall have been actually entered upon for the construction or alteration of such way, or after the actual closing of the way upon such discontinuance, file his petition for the assessment of his damages by a jury in the Superior Court, and if it appears that he has not had such notice, the court shall allow such petition to be prosecuted in the same manner and with the same effect as if the same had been filed within said year."