DAVID W. DYER, Petitioner, *vs.* CITY OF BELFAST.

Waldo.    Opinion June 18, 1895.

*Way.    Damages.    Appeal.    Retrospective Laws.    R. S., c. 82, § 116.    Stat.*
*1893, c. 297.*

Chapter 297, Laws of 1893, which provides that: " When any person aggrieved
  by the estimate of damages for his land taken for a town or private way,
  honestly intended to appeal therefrom and has by accident or mistake omitted
  to take his appeal within the time provided by law, he may at any time within
  six months after the expiration of the time when said appeal might have
  been taken, apply to any Judge of the Supreme Judicial Court in term time
  or vacation, stating in his said application the facts of his case and said
  Judge after due notice and hearing may grant such petitioner permission to
  take his said appeal to such term of said court as said Judge shall direct,"
  does not apply to a case where the right of appeal from an estimate of dam-
  ages, under the law then in force, had been fully barred before its enactment.
Where a statute is so worded as to admit of a construction which would render
  it retrospective as well as prospective, a prospective operation only is to be
  given, unless the legislative intent to the contrary is declared or necessarily
  implied.

ON EXCEPTIONS.

The case is stated in the opinion.

*Joseph and Joseph Williamson, Jr.*, for petitioner.

The legislature may pass retrospective statutes affecting reme-
dies only.    *Coffin* v. *Rich*, 45 Maine, 507.    No vested rights
are affected, because none existed.

No party can claim a vested right in the continuance of a
special mode or procedure, or the perpetuation of any remedy
or remedial process, which can be modified or abolished without
impairing or taking away the right itself, when public policy, or
obedience to justice demands a change.    *Rich* v. *Flanders*, 39
N. H. 304.

A right cannot be considered as vested in a constitutional
sense, unless it amounts to something more than such a mere
expectation of future benefit or interest as may be founded upon
an anticipated continuance of the existing general law.    *Merrill*
v. *Sherburne*, 1 N. H. 213.

Parties have no vested right to any particular remedy, and

the legislature may take away the specific remedy previously existing, and substitute for it another, and equal substantive remedy. *Story* v. *Furman*, 25 N. Y. 214.

The doctrine that the legislature by passing any particular law contracts and agrees that every citizen shall have a right to the benefit of that law, would deprive the legislative department of the power to correct its own errors, to vary the laws to meet the necessities of the people, or the exigencies of the times, &c. *Leathers* v. *Shipbuilders' Bank*, 40 Maine, 386. A mistake of fact is sometimes equivalent to a mistake of law. This is so in equity. 2 Pom. Eq. § 849.

If the terms " mistake of law," and "ignorance of law," were always used with strict propriety, it would be found that the cases in which relief is granted, are cases of ignorance and not of mistake ; which latter implies some notice and consideration of the law. But the terms are commonly used as synomymous ; or rather the term " mistake," has nearly usurped the other's place. Law Qu. Rev. 290. Where a legislature has not defined or described what is an accident or mistake, it is left to the court, in their discretion to determine. *Jackson* v. *Goddard*, 1 Mass. 230.

*J. S. Harriman and R. F. Dunton*, for city.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WISWELL, J. On the fifth of September, 1892, the city council of the city of Belfast laid out a street in that city across the land of the petitioner and awarded him $500, as the damages sustained thereby.

The statute in force at that time, R. S., c. 18, § 18, as amended by chapter 359, Public Laws of 1885, provided, in substance, that any person aggrieved by the estimate of damages might have them determined by a written complaint to the Supreme Judicial Court, " returnable at the term thereof next to be held within the county where the land lies after sixty days from the date of the laying out, alteration or discontinuance of such way

by the town." Under this statute the petitioner should have made his complaint returnable at the January Term, 1893, of this court in Waldo county, and having failed to do this, his right to appeal was barred.

But an act of the Legislature approved March 29th, 1893, chapter 297, laws of 1893, provides that: "When any person aggrieved by the estimate of damages for his land taken for a town or private way, honestly intended to appeal therefrom and has by accident or mistake omitted to take his appeal within the time provided by law, he may at any time within six months after the expiration of the time when said appeal might have been taken, apply to any judge of the Supreme Judicial Court in term time or vacation, stating in his said application the facts of his case and said judge after due notice and hearing may grant to such petitioner permission to take his said appeal to such term of said court as said judge shall direct," etc.

Within the time limited by this act, the petitioner applied to a justice of this court for permission to take his appeal from the assessment of damages of the city council to such term of the court as said justice should direct. The justice ruled that the act above quoted applied to this case and granted the permission requested, to which ruling exception is taken.

The question presented, then, is whether or not the act of March 29th, 1893, passed after the right of appeal had become barred by limitation, applied to this case, so that the petitioner, after his right had once been barred, but within the six months' extension allowed by the act, could apply to a justice of this Court for permission to take an appeal.

It is unnecessary to decide whether or not the Legislature has the power to make a remedial act of this nature retroactive. It may be argued with much force that no person has a vested right in a statute of limitation, unless by virtue of such statute he has acquired the title to real or personal property, see *Campbell* v. *Holt*, 115 U. S. 620, although courts have often held otherwise, and this Court in *Atkinson* v. *Dunlap*, 50 Maine., 111, held that after all existing remedies had been exhausted and rights had become permanently vested, all further interference is pro-

hibited ; and that a statute designed to retroact on a case by reviving the right of review, after the time for a review had expired, was unconstitutional and void.

We think the decisive question in this case is whether, applying the universally adopted rules of construction of statutes the Legislature intended that this statute should have a retroactive effect. Statutes are always to have a prospective operation unless the intention of the Legislature is clearly expressed or clearly to be implied from their provisions, that they shall apply to past transactions. *Bryant* v. *Merrill*, 55 Maine, 515. In *Rogers* v. *Greenbush*, 58 Maine, 397, it is said : "There is no language in the new statute which indicates any intention in the Legislature to make it retrospective, or to apply it to past transactions, or to interfere with actions pending. We never hold an act to be retrospective, unless it is plain that no other construction can be fairly given." See also the case of *Deake, appellant*, 80 Maine, 50.

"And the general rule is laid down as one not subject to any exception, that they [statutes] are never to be allowed to have a retroactive operation, where it is not required either by the express command of the Legislature, or by an unavoidable implication arising from the necessity of adopting such a construction in order to give plenary effect to their provisions." *Gerry* v. *Stoneham*, 1 Allen, 322 ; *Garfield* v. *Bemis*, 2 Allen, 445.

The case of *Garfield* v. *Bemis*, supra, is very much in point. The Legislature of Massachusetts passed an act to the effect that whenever any one has a claim against the estate of a deceased person, which had not been prosecuted within the time limited by law, he might apply to the Supreme Judicial Court, by bill in equity setting forth all the facts, and if the court shall be of opinion that justice and equity require it, it may give him judgment for the amount of his claim against the estate of the deceased person. The Court held that this act did not apply to claims which were barred by the statute of limitations at the time of its passage.

In *Wright* v. *Oakley*, 5 Met. 400, the court held that a

provision in the revised statutes to the effect that the time of a party's absence and residence out of the state should not be taken as any part of the time limited for the commencement of an action against him, did not apply to a case in which the action was barred by the statute of limitations that was in force before the revised statutes went into operation.

. In *Loring* v. *City of Boston*, 12 Gray, 209, it was held that a statute did not revive a claim for damages for land taken to widen the street, which claim was barred by limitation of time before its passage.

In *Kinsman* v. *Cambridge*, 121 Mass. 558, it was held that a statute very similar to the one now under consideration, which extended the time for a land owner to file his petition for a jury to assess his damages sustained by the laying out, widening, altering, relocating or discontinuance of any street, under certain circumstances, did not revive a right of action which was barred by limitation of time before the passage of the statute.

And in *Atkinson* v. *Dunlap*, supra, this court held that a statute of similiar purpose, in that case extending the time for commencing a petition of review, must be construed as intended to be prospective and that otherwise it would be unconstitutional.

Applying these rules, in the light of the decided cases, to the statute under consideration, we do not find any express command or necessary implication that it should have a retroactive effect or that it should revive a right of appeal which had. once been effectually barred by limitation of time, under the statute then in force. It is true that the language is sufficiently broad and comprehensive to embrace all cases.and to apply to the past as well as to the future, but this is not sufficient to give it a retroactive effect. *Garfield* v. *Bemis*, supra. Where the statute is so worded as to admit of a construction which would render it retrospective as well as prospective, a prospective operation only is to be given, unless the legislative intent to the contrary is declared or necessarily implied. See cases cited in Am. and Eng. Encyl. of Law, vol. 23, page 448.

This case is clearly distinguishable from that of *Berry* v. *Clary*, 77 Maine, 482, in which it was held that R. S., c. 82, §

116, providing that no party who receives any money or valuable thing as a consideration for a contract made and entered into on Sunday, shall be permitted to defend any action upon such contract until such consideration has been restored, applies to actions arising before as well as after its enactment. In the opinion in that case it is said: "It [the statute] in no way operates upon the contract or renders it valid. It exists precisely as it did before. The statute applies only to future remedies, and merely requires the defendant to restore the consideration received by him in the participation of an unlawful act as a condition upon which he may make his defense."

If the statute now under consideration be given a retroactive effect, it would revive a remedy once completely barred by lapse of time. This can only be done by legislative enactment in clear and unmistakable language.

It must be presumed that, in the passage of all acts, the Legislature has in view these well understood rules of construction, and that they are framed in conformity therewith. If the Legislature intends to make any statute retroactive, it can very easily give it such effect either by express language or necessary implication; and in the absence thereof it must be presumed that no such intention is contemplated. Full force and effect may be given to this enactment by making it apply only to cases arising subsequent to its passage.

*Exceptions sustained.*