# THOMAS KANNELLOS v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 13, 1922.

No. 22,600.

**Federal Employer's Liability Act—limitation of action.**

1. The Federal Employer's Liability Act of 1908[2] creates a new right of action, one not existing at common law, of which the requirement that actions for the enforcement thereof be commenced within two years from the date of injury is an essential ingredient, and the right ceases and terminates, where no action is so commenced, at the expiration of that time.

**Bar against right of action not removed by Federal Transportation Act.**

2. The provisions of section 206 of the Federal Transportation Act of February 28, 1920, declaring that the period of Federal control of railroads shall not be computed as a part of the period of limitations in actions against interstate carriers on claims arising prior to Federal control, was not intended to apply to or revive and continue in force causes of action under the liability act, which had become barred by failure to bring suit within the allotted two years, and were not existing rights of action at the date of the passage of the transportation act.

Action in the district court for St. Louis county to recover $20,000 for personal injuries received while in defendant's employ. Defendant's demurrer to the amended complaint on the ground that it

[1]Reported in 186 N. W. 389.
[2]U. S. Comp. St. §§ 8657-8665.]

failed to state a cause of action was sustained, Cant, J. From the order sustaining the demurrer, plaintiff appealed. Affirmed.

*McCoy & Hansen, George Sfetsos* and *A. W. Richter*, for appellant.

*M. L. Countryman* and *Baldwin, Baldwin, Holmes & Mayall*, for respondent.

BROWN, C. J.

Plaintiff was in the employ of defendant as a section hand on its line of road in the state of Montana. He was injured while engaged in his employment in that state on October 6, 1917, by reason of the alleged negligence of defendant. Defendant is an interstate carrier, and this action was commenced in this state to recover for the injuries so received and is founded on the Federal Employer's Liability Act; facts bringing the action within the act being alleged and stated in the complaint. The action was not commenced until May, 1921, more than two years after the happening of the accident. A general demurrer was interposed to the complaint which the trial court sustained and plaintiff appealed.

The only question raised by the demurrer or presented by the appeal is whether the cause of action is barred by the limitation prescribed by the liability act for the commencement of an action thereunder. We answer the question in the affirmative, and in harmony with the conclusion reached by the learned trial court.

The Federal statute under which the action is brought (section 6, Federal Employer's Liability Act of 1908),[1] provides that "no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued."

The cause of action accrued on October 6, 1917, the date of plaintiff's injury, but the action was not commenced until May, 1921, more than three years thereafter. The action is therefore barred, not having been commenced within the two years' limitation, and plaintiff must fail in the suit, unless that result is obviated by a subsequent act of Congress which counsel for plaintiff contend relieves the situation and removes the apparent bar. It appears in this connection that the Federal government on December 31, 1917,

[1U. S. Comp. St. § 8662.]

assumed control of this as well as all other railroads of this country, in furtherance of its war measures, and continued in such control until February 28, 1920, at which time they were formally returned to the owners; the return being evidenced by an Act of Congress known as the transportation act of February 28, 1920. By section 206f thereof [41 St. 462] it was provided that "the period of Federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation * * * for causes of action arising prior to Federal control."

It is the contention of plaintiff that the provisions of the liability act limiting the time within which action may be brought thereunder, is an ordinary statute of limitations, and that causes which arose prior to Federal control of the railroad are saved and continued in force by the reservation clause of the transportation act just quoted. If the contention as to the character of the limitation found in the liability act be sound, the conclusion drawn therefrom by counsel is also sound, for the provision of the transportation act reserving and continuing rights of action was plainly intended to act retrospectively and would include plaintiff's cause of action for it arose prior to Federal control.

But we are unable to concur in the contention that the limitation fixed by the liability act should be construed as an ordinary statute of limitations. It has not received that construction in the Federal courts, at least no decision from those courts so deciding has been called to our attention. The case of Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. ed. 483, is not such a case, for there an ordinary limitation statute was involved, and not one like that in the case at bar. The construction contended for is not in harmony with our own decision construing similar statutes. Negaubauer v. Great Northern Ry. Co. 92 Minn. 184, 99 N. W. 620, 103 Am. St. 674, 2 Ann. Cas. 150. The rule controlling the question, the rule followed and applied by the courts generally, is as stated in the case just cited, and to the effect that where a statute gives a new right of action, not existing at common law, and prescribes the time within which it may be enforced, the time so prescribed is a condition to its enforcement, an element in the right itself, and the right

falls with the failure to apply for relief within the alloted time. The rule as stated is one of general application, and is distinguished from the rule applied to statutes limiting the remedy and not the right. 17 R. C. L. 952; Negaubauer v. Great Northern Ry. Co. supra.

That the Federal Employer's Liability Act creates a new right of action, one not existing at common law, is clear. We are aware of no common law right of action by a servant against his master for an injury occasioned by the negligence of the latter, wholly divorced from the usual common law defenses of assumption of risk and contributory negligence. Such is the right of action granted by the liability act, the defense of an assumption of risk being entirely taken away, and the defense of contributory negligence limited to consideration in respect to damages. It is clearly a new right, and not an old one with a restricted period for asserting it by appropriate action. Such is the view of the courts where the question has been considered. Eberhardt v. United States, 204 Fed. 884, 123 C. C. A. 180; Atlantic Coast Line R. Co. v. Burnette, 239 U. S. 199, 36 Sup. Ct. 75, 60 L. ed. 226; The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. ed. 358; Bement v. Grand Rapids & I. Ry. Co. 194 Mich. 64, 160 N. W. 424, L. R. A. 1917E, 322; Morrison v. Baltimore & O. R. Co. 40 App. Cas. (D. C.) 391, Ann. Cas. 1914C, 1026; 2 Roberts, Federal Liabilities of Carriers, §§ 646, 647. The time limit being therefore an element of the right granted, the rule that there is no vested right in the defense of the statute of limitations has no application.

The further contention that there was a revival of the liability by the provisions of the transportation act is not sustained. The right given by the liability act had expired by the time limit prior to the passage of the transportation act, and at that time plaintiff's right of action did not exist either in law or fact; its passing occurred with the passing of the time limited for its enforcement by the act creating it. In that situation it may seriously be doubted whether Congress had the power, in the manner here claimed for the transportation act, to revive and restore the right to life. Whitney v. Wegler, 54 Minn. 235, 55 N. W. 927; Whittier v. Village of

Farmington, 115 Minn. 182, 131 N. W. 1079; Jones v. Delaware, L. & W. R. Co. (N. J.) 114 Atl. 331; Boyd v. Wabash R. Co. Ohio Court of App., recently handed down.

But if that power in Congress be conceded, a question we may leave to the Federal courts to determine, it is clear that the language of the transportation act, though confessedly retroactive in operation, is not such as to justify the conclusion that by it Congress intended to revive rights of action barred and not in fact existing at the time of the passage of that act. It properly may be construed as including all rights of action then existing and not barred by failure to bring suit within the time limit. But no rule of statutory construction with which we are familiar will justify the conclusion of an intent to restore the dead and down right to life and vitality; an intent to that effect should be specific in language and free from doubt. On this feature of the case Jones v. Delaware, L. & W. R. Co., supra, is directly in point. The fact of Federal control of the railroads did not bar the private right of action against the railroad companies, nor was the right of suit hampered or impaired by either local or Federal law. This is clearly pointed out in the Jones case just cited. The contention of counsel in the case at bar to the contrary is not borne out by facts of which we take judicial notice. The allegation of the complaint that such right was taken away during Federal control, is an allegation of a legal conclusion, and not admitted by the general demurrer to the complaint.

Our conclusion therefore is that the transportation act has no proper application to rights of action which were barred at the time of its passage, and does not include plaintiff's action in the case at bar. The order sustaining the demurrer was right, and is accordingly affirmed.