FULLERTON-KRUEGER LUMBER COMPANY v. NORTHERN PACIFIC RAILWAY COMPANY AND MINNESOTA AND INTERNATIONAL FALLS RAILWAY COMPANY.[1]

June 1, 1923.

No. 23,401.

**Action barred by Minnesota statute not revived by Federal Act of 1920.**
The enactment by Congress of section 206 (f) of the Federal Transportation Act of 1920 did not have the effect of reviving causes of action which had theretofore become barred by the statute of limitations of this state.

Action in the district court for Hennepin county to recover $871.96 excess freight charges. The case was tried before Waite, J., who made findings and ordered judgment in favor of plaintiff for $782.21 and interest. From the judgment entered pursuant to the order for judgment for $1,126.54, defendant appealed. Reversed.

*Charles W. Bunn, D. F. Lyons* and *D. R. Frost,* for appellants.
*P. L. Solether,* for respondent.

LEES, C.

This is an action by a lumber company to recover freight charges paid in excess of the amount a railroad company might lawfully

[1] Reported in 194 N. W. 9.

charge under section 4347, G. S. 1913. The statute of limitations, section 7701, G. S. 1913, was pleaded as a defense. The parties agreed upon the facts and the court adopted their statement of them in the findings. Suit was begun January 24, 1921. Payment of all of the items of the alleged overcharges was made during the years 1912 and 1913, the date of the last payment being September 16, 1913. Upon this state of facts, no action to recover any of the payments could be maintained after September 16, 1919, unless the period of limitation fixed by the statutes of this state was extended by enactment of the Federal Transportation Act of 1920. 41 St. 462. The trial court held that it was so extended, gave plaintiff judgment and defendants have appealed.

The provision of the Transportation Act upon which the decision of this case turns is section 206 (f) reading as follows:

"The period of Federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to Federal control."

Federal control began on January 1, 1918, and ended on March 1, 1920. Respondent therefore contends that the bar of the statute did not fall until 8 years and 2 months after the cause of action accrued. Appellants meet the contention with the argument that it is not within the power of Congress to extend the period of limitation fixed in a state statute; that, if Congress has such power, it has not attempted to exercise it in enacting the Transportation Act, and, finally, that the language of the act forbids the conclusion that it was intended to have a retroactive effect or to revive a right to sue which had become barred by the statute. Whether Congress has power to suspend the operation of a state statute of limitations is a question we need not consider.

We may say in passing that Stewart v. Kahn, 11 Wall. 493, 20 L. ed. 176, and Adgar v. Alston, 15 Wall. 555, 21 L. ed. 234, where the existence of the power was affirmed, involved a statute enacted to meet the situation created by the Civil War and the consequent interruption of the administration of justice in the courts of the

southern states. It would seem that, even though this legislation had not been enacted, it might have been held that the war stayed the running of the statute for the time being, because the courts were closed to citizens of the northern states until after the conflict was over. Hanger v. Abbott, 6 Wall. 532, 18 L. ed. 939; United States v. Wiley, 11 Wall. 508, 20 L. ed. 211. The situation when we were at war with Germany was not the same. Neither the war nor Federal control of the railroad interrupted or suspended the prosecution of actions and the recovery of judgments against the companies. Kannellos v. Great Northern Ry. Co. 151 Minn. 157, 186 N. W. 389; Missouri P. Ry. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. ed. 1087. Only the Federal Supreme Court can finally determine whether Congress was properly exercising its war-time powers in enacting section 206 (f) and, since the conclusion we have reached may be rested on another ground, we pass to a consideration of the remaining question in the case.

Assuming that Congress has power to extend the period of limitation fixed by a state statute, the power is not confined to causes of action upon which the statute had not already run. That was decided in Adger v. Alston, supra, and in Campbell v. Holt, 115 U. S 620, 6 Sup. Ct. 209, 29 L. ed. 483, and is conceded by counsel for appellants, so the vital question to which we now come is this: In enacting the Transportation Act, did Congress intend that it should have a retroactive effect so that a right to sue, if then barred, would be revived or restored? In Whittier v. Village of Farmington, 115 Minn. 182, 131 N. W. 1079, the present Chief Justice said of changes in statutes of limitation [at page 187]:

"A particular statute limits the right to commence an action to six years from the time the cause of action accrued. An amendment of that statute extending the time to eight years would not revive a cause of action which became barred a few days prior to the change in the law, though it would operate to extend the time as to all causes of action not then barred by the old statute. * * * The general rule is that the legislature has no power to revive a right of action already barred by limitations by retrospective legislation, or otherwise. * * * But, if the power be conceded, the

intention to revive should be made clearly to appear by the terms of the statute, and not left to inference."

And again, in the Kannellos case, he said [151 Minn. 161]:

"It is clear that the language of the Transportation Act, though confessedly retroactive in operation, is not such as to justify the conclusion that by it Congress intended to revive rights of action barred and not in fact existing at the time of the passage of that act. * * * No rule of statutory construction with which we are familiar will justify the conclusion of an intent to restore the dead and down right to life and vitality."

Hopkins v. Lincoln Trust Co. 233 N. Y. 213, 135 N. E. 267, is to the same effect. Speaking in general terms of the revival of a cause of action once barred by the statute of limitations, the court said [at page 215]:

"Revival is an extreme exercise of legislative power. The will to work it is not deduced from words of doubtful meaning. Uncertainties are resolved against consequences so drastic."

To discover what Congress intended, it is proper to ascertain the boundaries of the field within which it is possible for section 206 (f) to be operative. In the Kannellos case we held that this provision of the Transportation Act had no application to a cause of action founded on the Federal Employers Liability Act when the cause of action had become barred by the terms of the latter act before section 206 (f) was enacted. By a parity of reasoning it can have no application to a cause of action asserted by virtue of the provisions of our own Employers Liability Act. Chapter 187, p. 455, Laws 1915; Seamer v. Great Northern Ry. Co. 142 Minn. 376, 172 N. W. 765; Herr v. Chicago, M. & St. P. Ry. Co. 154 Minn. 182, 191 N. W. 607. It does not apply to a claim for reparation made to the Interstate Commerce Commission. United States v. Interstate Com. Comm. 246 U. S. 638, 38 Sup. Ct. 408, 62 L. ed. 914, or to a similar claim made to a state commission. Northern Pac. Ry. Co. v. Dept. of Public Works (Wash.) 207 Pac. 686. It thus appears that there are relatively few causes of action to which the act extends, and

this suggests the thought that it is unreasonable to suppose that Congress intended to lift the bar of the statute as to them, even though it could not be lifted as to the others. The language is general. There is no specific mention of causes of action which became barred during the period of such control. The inference that they are included is not clear, and, as already stated, the rule is that doubts and uncertainties are to be resolved against an interpretation of an act which would give it a retroactive effect.

Counsel for respondent rely on a number of recent cases in which a retroactive effect was given to section 206 (f). Wenatchee Produce Co. v. Great N. Ry. Co. 271 Fed. 784; Standley v. U. S. Ry. Admn. 271 Fed. 794; Cravens v. Louisville & N. R. Co. 195 Ky. 257, 242 S. W. 628. They contend that, except in cases where title to property has been acquired by the running of the statute of limitations, no one has a vested right to make use of the statute as a defense, for the legislature gives the defense and may take it away at pleasure. They point to the fact that since the statute merely extinguishes the remedy for the enforcement of a right of action, leaving the right alive, there was no necessity for a revival of the right, provided the bar to the remedy was removed by the transportation act. All of these considerations have been taken into account, but have not persuaded us that the statute must be given a retroactive effect.

Considering the reluctance of the courts to attribute to law-making bodies an intention that their enactments should have a retroactive effect; the rule that such an intention must be manifested by clear and unequivocal language; the comparatively narrow limits within which section 206 (f) is operative and the fact that it enters a field of legislation lying within the sphere of activity of the states, except perhaps in time of war, we hold that the enactment of the section in question did not revive respondent's right to maintain this action after it was barred by our statute of limitations.

Judgment reversed.