BUSSEY *v.* BISHOP.

No. 6886. OCTOBER 5, 1929.

*Branch & Howard* and *Bond Almand,* for plaintiff.

*Tillou Von Nunes, Irma Von Nunes,* and *Paul S. Etheridge & Son,* for defendant.

HINES, J. In November, 1923, J. C. Bussey filed with the Industrial Commission of Georgia a claim against the Empire Glass and Decoration Company, for compensation for the loss of an eye. An award in his favor was made by the commission. An appeal was taken by the defendant. The superior court affirmed the award of the commission; and in February 1925, the judgment of that court was affirmed by the Court of Appeals. *Bishop* v. *Bussey, 33 Ga. App.* 464. It was then discovered that the charter of the Empire Glass and Decoration Company had expired in 1914. At the time of Bussey's employment, and at the time of the award, F. A. Bishop was the sole owner of the business conducted under the name of Empire Glass and Decoration Company. Bussey applied to the Industrial Commission to amend its award so as to be one against Bishop individually, doing business under the trade-name of Empire Glass and Decoration Company. This application was denied. On September 2, 1925, Bussey filed an equitable petition seeking to have the award of the commission so amended or reformed as to make it an award against F. A. Bishop, doing business under said trade-name. A decree was entered, amending the award as prayed. Bishop brought the case to this court, which reversed the judgment of the lower court. *Bishop* v. *Bussey,* 164 *Ga.* 642 (139 S. E. 212). After this judgment was made the judgment of the lower court, Bussey, in September, 1927, applied to the industrial Commission for compensation for the loss of his eye, under section 25 of the Georgia workmen's compensation act, approved August 17, 1920, as amended by the act of August 27, 1925. In his answer Bishop alleged that this application was barred, because Bussey was seeking compensation for an accident which happened more than one year before the filing of his claim with the commission. The answer further set up that so much of section 25 of the act of August 17, 1920, as amended by the act of August 27, 1925, as provides "that if a claimant proceeds in good faith against a corporation, the charter of which had expired, but which was still doing business, he shall have the right to then proceed against the person or persons operating under the corporate name, and the one-year limit shall not apply," is retrospective and violative of paragraph 2 of section 3 of article 1 of the constitution of this State, which provides that no retroactive law shall be passed. Pending said application Bishop died, and by agreement his wife and

sole heir at law was made a party in his stead. On May 11, 1928, the commission made an award in favor of Bussey. Mrs. Bishop appealed, and in the superior court judgment was rendered setting aside the award and sustaining the appeal. The controlling questions for decision are whether the above provision of section 25 of the act of August 17, 1920, as amended by the act of August 27, 1925, is applicable to a case where the claim for compensation was barred before the passage of the latter act, and whether, if so applied, it would be unconstitutional and void because it violates paragraph 2 of section 3 of article 1 of the constitution of this State, which provides that no retroactive law shall be passed. By section 25 of the compensation act, as originally passed, it was provided that "the right to compensation under this act shall be forever barred, unless a claim is filed with the Industrial Commission within one year after the accident, and, if death results from the accident, unless a claim therefor is filed with the commission within one year thereafter." Acts 1920, pp. 167, 181. This was the statute of limitation in force at the time this accident occurred. The act of August 27, 1925, added to the above statute this exception: "except that if a claimant proceeds in good faith against a corporation, the charter of which had expired, but which was still doing business, he shall have the right to then proceed against the person or persons operating under the corporate name, and the one-year limit shall not apply."

■ The first question for decision is whether section 2 of the act of August 27, 1925, should be applied to a claim for compensation which became barred under the act of August 17, 1920, and before the passage of the act of 1925. Retrospective statutes are forbidden by the first principles of justice. *Mayor &c. of Savannah* v. *Hartridge,* 8 *Ga.* 23 (9). Laws prescribe only for the future, and generally have no retrospective operation. Civil Code (1910), § 6; *Redd* v. *Hargroves,* 40 *Ga.* 18, 24. The settled rule for the construction of statutes is not to give them a retrospective operation, unless their language imperatively requires such construction. *Moore* v. *Gill,* 43 *Ga.* 388, 391. A statute of limitation will not be so construed as to affect a cause of action already barred, if such construction can be reasonably avoided. People v. Supervisors, 10 Wend. (N. Y.) 363; Durritt v. Trammell, 11 Ark. 183; Pridgeon v. Greathouse, 1 Idaho, 359; Wright v. Oakley, 5 Met. (46 Mass.)

400; Loring v. Boston, 12 Gray (78 Mass.), 209; Kinsman v. Cambridge, 121 Mass. 558; Ivey v. Blum, 53 Ala. 172 (4); Tennant v. Hulet, 65 Ind. App. 24 (116 N. E. 748); Dyer v. Belfast, 88 Me. 140 (33 Atl. 790); 23 Am. & Eng. Enc. Law, 448; Richards v. Carpenter, 261 Fed. 724; Denny v. Bean, 51 Or. 180 (93 Pac. 693); Whittier v. Farmington, 115 Minn. 182 (131 N. W. 1079); Hopkins v. Lincoln Trust Co., 233 N. Y. 213 (135 N. E. 267); Fullerton-Krueger L. Co. v. N. P. Ry. Co., 156 Minn. 20 (194 N. W. 9); Dennig v. Mackfessel, 303 Mo. 525 (261 S. W. 55); Woart v. Winnick, 3 N. H. 473 (14 Am. D. 384); 37 C. J. 697 (§ 14) e. This principle is especially applicable where the limitation, when the cause of action accrued, was a part of the right of action itself. La Floridienne, J. Buttbenbach Co., Societe Anonyme v. S. A. L. Ry. Co., 59 Fla. 196 (52 So. 298). The filing of a claim for compensation under the act of 1920 was a condition precedent to the recovery of such compensation. *Parmelee* v. *S., F. & W. Ry. Co.,* 78 *Ga.* 239 (2 S. E. 686). An essential element of a claim under the workmen's compensation law is the filing thereof with the Industrial Commission within 12 months from the date of the accident. *Chamlee Lumber Co.* v. *Crichton,* 136 *Ga.* 391 (71 S. E. 673). So unless a statute of limitation expressly or by necessary implication is made applicable to causes of action already barred when it is passed, it will not be held to apply thereto. The act of 1925 does not expressly or by clear implication apply to causes of action which had become barred at the time of its passage; and for this reason this statute should not be held to apply to the case under consideration.

█ If this construction of the act of 1925 is incorrect, then for other reasons the applicant for compensation can not succeed. In the first place, the legislature can not revive a right of action that was barred by the statute of limitations in existence prior to the passage of the reviving act. In *Calhoun* v. *Kellogg,* 41 *Ga.* 231, this court held that the acts passed by the legislature during the war, suspending the statute of limitations, which were confirmed by the ordinance of 1865 and the constitution of 1868, were "valid in all cases where the legal statutes in existence at the commencement of the struggle had not fully run in favor of the defendant before the passage of the ordinance of 1865; but they do not revive a right of action that was barred by the legal acts in existence

prior to the passage of the ordinance in 1865." The Judges divided upon certain questions involved in the case, but this division did not relate to the proposition that the legislature can not revive a right of action that was barred by a legal statute of limitation at the time of the passage of the act seeking to revive a barred cause. On that point the Judges seem to have been agreed. The ruling in that case was followed in *Goodroe* v. *Neal,* 45 *Ga.* 109. These decisions of this court are in harmony with the general rule stated in Corpus Juris as follows: "In most jurisdictions the general rule is laid down, without exception or qualification, that the legislature can not remove a statutory bar to a cause of action that has already become complete. In a few jurisdictions, however, due mostly to the influence of the leading case of Campbell *v.* Holt, a distinction has been made between a statutory bar operating to invest persons with title to property and a bar which constitutes merely a defense to a personal demand; and it is accordingly held that in actions on contract, or in any class of actions in which a party does not become invested with title to property by the statutes of limitation, the legislature may by repealing the statute, even after the right of action is barred, restore the remedy and divest the other party of the statutory bar." 12 C. J. 980 (§ 576), (3), and cases cited in note 19. The reason for the general rule has been stated thus: "The current of decisions in other States treats as a vested right the privilege to plead the statute of limitations when it has run and become a bar to a demand arising either ex contractu or ex delicto. We believe the right of defense is just as important as the right to bring an action. When the right to recover property has been extinguished because of the statute of limitations, we say that the one who thus holds has a vested right. He acquired it not by a moral but a legal remedy. He is then beyond the power of the legislature to divest him of his rights therein, except by his consent or due process of law. From a wise public policy the legislature has declared that a cause of action is destroyed by certain neglect, thus securing a party to withhold his property from subjection to a demand. The legislature has no more right in the one than in the other case, by retrospective legislation, to destroy the right to property, each being held by virtue of the statute of limitations. The right to a defense should be held as inviolate as the right of action. When the remedy is destroyed, the right to main-

tain the action is extinguished." Lawrence v. Louisville, 96 Ky. 595, 603 (29 S. W. 450, 16 Ky. L. R. 672, 49 Am. St. R. 309, 27 L. R. A. 560).

Besides, the constitution of this State expressly prohibits the passage of retroactive acts. Civil Code (1910), § 6389. In passing upon our own decisions and the decisions of other States, we should ascertain whether there was any constitutional inhibition against retroactive legislation. The constitution of this State adopted in 1798 prohibited the passage of ex post facto laws. This provision applied to criminal laws alone. *Wilder* v. *Lumpkin,* 4 *Ga.* 208; *Boston* v. *Cummins,* 16 *Ga.* 102 (60 Am. D. 714); *Wellborn* v. *Akin,* 44 *Ga.* 425. The constitutional inhibition against the passage of retroactive legislation first appeared in the constitution of 1861. McElreath on Constitution, 281, 283. The same provision was embraced in the constitution of 1865. Id. 298, 299. This provision was not embraced in the constitution of 1868. It was again adopted in the constitution of 1877. Civil Code (1910), § 6389. So this constitutional provision is now in force, and was in force when the act of 1925 was passed. Under the constitution of this State, and the decisions of this court, and the courts in most jurisdictions, an act of the legislature which undertakes to revive a cause of action which was barred at the time of its passage violates the provision of our State constitution which inhibits the passage of retroactive legislation. As we have seen, there are decisions to the contrary, and we cite some of them. Campbell v. Holt, 115 U. S. 620 (6 Sup. Ct. 209, 29 L. ed. 483); McEldowney v. Wyatt, 44 W. Va. 711 (30 S. E. 239, 45 L. R. A. 609); Robinson v. Robbins Dry Dock &c. Co., 238 N. Y. 271 (144 N. E. 579, 36 A. L. R. 1310); Danforth v. Groton Water Co., 178 Mass. 472 (59 N. E. 1033, 86 Am. St. R. 495); Dunbar v. B. &c. R. Corp., 181 Mass. 383 (63 N. E. 916).

Most of the decisions which hold contrary to the ruling that the legislature can not revive a cause of action barred by the statute of limitations are based upon the ruling made in Campbell v. Holt, supra, in which a distinction was made between a statutory bar operating to invest persons with title to property, and a bar which constitutes merely a defense to a personal demand. Mr. Justice Miller, who delivered the opinion of the majority in that case, gave the following reason for such distinction: "We understand

very well what is meant by a vested right to real estate, to personal property, or to incorporeal hereditaments. But when we get beyond this, although vested rights may exist, they are better described by some more exact term, as the phrase itself is not one found in the language of the constitution. We certainly do not understand that a right to defeat a just debt by the statute of limitation is a vested right, so as to be beyond legislative power in a proper case." The reply to this contention by Mr. Justice Bradley, who dissented, and with whom Mr. Justice Harlan concurred, seems to be unanswerable. In his dissent Justice Bradley said: "Now, an exemption from a demand, or an immunity from prosecution in a suit, is as valuable to the one party as the right to the demand or to prosecute the suit is to the other. The two things are correlative; and to say that the one is protected by constitutional guaranties, and that the other is not, seems to me almost an absurdity. One right is as valuable as the other. My property is as much imperiled by an action against me for money as it is by an action against me for my land or my goods. It may involve and sweep away all that I have in the world. Is not a right of defence to such an action of the greatest value to me? If it is not property in the sense of the constitution, then we need another amendment to that instrument. But it seems to me that there can hardly be a doubt that it is property. The immunity from suit which arises by operation of the statute of limitations is as valuable a right as the right to bring the suit itself. It is a right founded upon a wise and just policy. Statutes of limitation are not only calculated for the repose and peace of society, but to provide against the evils that arise from loss of evidence and the failing memory of witnesses. It is true that a man may plead the statute when he justly owes the debt for which he is sued; and this has led the courts to adopt strict rules of pleading and proof to be observed when the defence of the statute is interposed. But it is, nevertheless, a right given by a just and politic law, and, when vested, is as much to be protected as any other right that a man has. The fact that this defence pertains to the remedy does not alter the case. Remedies are the life of rights, and are equally protected by the constitution. Deprivation of a remedy is equivalent to a deprivation of the right which it is intended to vindicate, unless another remedy exists or is substituted for that which is taken away. This court has fre-

quently held that to deprive a man of a remedy for enforcing a contract is itself a mode of impairing the validity of the contract. And, as before said, the right of defence is just as valuable as the right of action. It is the defendant's remedy. There is really no difference between the one right and the other in this respect."

We can see no valid reason why a claim which is barred by the statute of limitations can be revived and restored by an act of the legislature in the same jurisdiction. This is especially true, as we have shown, where the statute creating the claim distinctly provides that the claim shall be forever barred if not filed with a given tribunal within the period of limitation named in the statute. The requirement that the claim for compensation shall be filed with the Industrial Commission within one year after the accident is an essential ingredient, and the right ceases and terminates where no action is so commenced at the expiration of that time. Where a statute gives a new right of action not existing at common law, and prescribes the time within which it may be enforced, the time so prescribed is a condition to its enforcement, an element in the right itself, and the right fails with the failure to apply for relief within the allotted time. The rule as stated is one of general application, and is distinguished from the rule applied to statutes limiting the remedy and not the right. Negaubauer v. Great Northern Ry. Co., 92 Minn. 184 (99 N. W. 620, 104 Am. St. R. 674, 2 Ann. Cas. 150) ; 17 R. C. L. 952; Kannellos v. Great Northern Ry. Co., 151 Minn. 159 (186 N. W. 389) ; Parmelee v. S., F. & W. Ry. Co., Chamlee Lumber Co. v. Crichton, supra.

From what is said, the judgment of the superior court setting aside the award of the Industrial Commission should be affirmed.

*Judgment affirmed. All the Justices concur, except Beck, P. J., and Hill, J., who dissent.*

HILL, J., dissenting. This case was here on a former occasion. 164 Ga. 642 (supra). It was there held: "By the act of August 27, 1925, it is provided that if a claimant proceeds in good faith against a corporation, the charter of which has expired, but which is still doing business, he shall have the right to then proceed against the person or persons operating under the corporate name, and the one-year limit provided in section 25 of the workmen's compensation act, as it originally stood, shall not apply. Acts 1925, p. 282. Under this act the employee has an adequate remedy at

law, and for this reason he can not apply to a court of equity for relief." The act of 1925 (Ga. L. 1925, p. 282), amending the workmen's compensation act of 1920, provides (sec. 2) that "the right to compensation under this act shall be forever barred, unless a claim be filed with the Industrial Commission within one year after the accident, and, if death results from the accident, unless a claim therefor is filed with the commission within one year thereafter; except that if a claimant proceeds in good faith against a corporation, the charter of which had expired, but which was still doing business, he shall have the right to then proceed against the person or persons operating under the corporate name, and the one-year limit shall not apply." The principle ruled in *Bishop* v. *Bussey*, supra, is controlling in the present case. It was distinctly ruled, by reason of the amendment of August 27, 1925, to section 25 of the workmen's compensation act of Georgia, that Bussey had "an adequate remedy at law." But it is now insisted that the amendment of August 27, 1925, was retroactive and void as far as this present case is concerned, in that it deprives Mrs. Bishop of a "vested right in the statute of limitations," which in the original act limited the time within which suit could be brought by one under the act to one year, and therefore that the amendment is contrary to art. 1, sec. 3, par. 2, of the constitution of the State (Civil Code, § 6389), which declares that "No bill of attainder, ex post facto law, retroactive law, or law impairing the obligation of contracts, or making irrevocable grants of special privileges or immunities, shall be passed." I am of the opinion that the foregoing contentions are without merit. While it is true that a retroactive law which divests or changes fixed, vested rights is unconstitutional, yet laws which merely change *remedies* or *procedure* are not unconstitutional. "Laws prescribe only for the future; they can not impair the obligation of contracts, nor generally have a retrospective operation. Laws looking only to the *remedy* [italics ours], or mode of trial may apply to contracts, rights, and offenses entered into or accrued or committed prior to their passage; but in every case a reasonable time subsequent to the passage of the statute should be allowed for the citizen to enforce his contract, or protect his right." Civil Code (1910), § 6. The amendment of 1925, supra, is *remedial,* and is to be literally construed (*Cox* v. *Berry,* 13 *Ga.* 306, 310), and does not change fixed rights. Gen-

erally statutes of limitation do not create rights which may become vested, but provide defenses which are personal. It was said by Nisbet, J., in the *Cox* case, that "Acts which relate to remedies only have been ruled by the highest authority in this Union not to be violative of the constitution, and it has also been over and over again ruled that acts which relate to limitation terms belong to that class."

See in this connection, Campbell *v.* Holt, 115 U. S., 620, 628 (supra), where Mr. Justice Miller said: "It is much insisted that this right to defence is a vested right, and a right of property which is protected by the provisions of the fourteenth amendment. It is to be observed that the words 'vested right' are nowhere used in the constitution, neither in the original instrument nor in any of the amendments to it. We understand very well what is meant by a vested right to real estate, to personal property, or to incorporeal hereditaments. But when we get beyond this, although vested rights may exist, they are better described by some more exact term, as the phrase itself is not one found in the language of the constitution. We certainly do not understand that a right to defeat a just debt by the statute of limitations is a vested right, so as to be beyond legislative power in a proper case. The statutes of limitation, as often asserted and especially by this court, are founded in public needs and public policy—are arbitrary enactments by the law-making power. Tioga Railroad *v.* Blossburg and Corning Railroad, 20 Wall. 137, 150 [22 L. ed. 331]. And other statutes, shortening the period or making it longer, which is necessary to its operation, have always been held to be within the legislative power until the bar is complete. The right does not enter into or become a part of the contract. No man promises to pay money with any view to being released from that obligation by lapse of time. It violates no right of his, therefore, when the legislature says time shall be no bar, though such was the law when the contract was made. The authorities we have cited, especially in this court, show that no right is destroyed when the law restores a remedy which had been lost. An instructive case on this subject is that of Foster et al. *v.* The Essex Bank, 16 Mass. 245. The charter of the bank being about to expire in 1819, the legislature of Massachusetts passed a law continuing the existence of all corporations for the space of three years after the expiration of their charters, for the

purpose of prosecuting and defending suits, and enabling them to settle and close their concerns and divide their capital stock. To a suit brought against the bank after its charter had expired, but within the three years allowed by this statute, it was insisted that the statute of 1819 was void, as being retrospective in its operation, and interfering with vested rights. The court said: 'We can not discover any principle by which it can be decided that this statute is void. It does not infringe or interfere with any of the privileges secured by the charter, unless it be considered a privilege to be secured from payment of debts or the performance of contracts, and this is a kind of privilege which, we imagine, the constitution was not intended to protect; . . and a legislature which, in its acts not expressly authorized by the constitution, limits itself to correcting mistakes, and providing remedies for the furtherance of justice, can not be charged with violating its duty or exceeding its authority.' We are unable to see how a man can be said to have *property* in the bar of the statute as a defence to his promise to pay. In the most liberal extension of the use of the word 'property,' to choses in action, to incorporeal rights, it is new to call the defence of lapse of time to the obligation to pay money, property. It is no natural right. It is the creation of conventional law. We can understand a right to enforce the payment of a lawful debt. The constitution says that no State shall pass any law impairing this obligation. But we do not understand the right to satisfy that obligation by a protracted failure to pay. We can see no right which the promisor has in the law which permits him to plead lapse of time instead of payment, which shall prevent the legislature from repealing that law, because its effect is to make him fulfil his honest obligations."

And see *Mills* v. *Geer,* 111 *Ga.* 275 (36 S. E. 673, 52 L. R. A. 934) ; *DuBignon* v. *Brunswick,* 106 *Ga.* 317 (32 S. E. 102) ; Robinson *v.* Robins, 238 N. Y. 271 (144 N. E. 579, 36 A. L. R. 1310). This present suit was pending at the time of the passage of the act of 1925. In *Mills* v. *Geer,* supra, it was ruled that the act in question was not unconstitutional. It was held: ."Under the act of December 21, 1897 (Acts of 1897, pp. 79-81), in a suit to recover land the defendant who has bona fide possession of such land under adverse claim of title may plead as a set-off the value of all permanent improvements bona fide placed thereon by himself, or

other bona fide claimants under whom he asserts title, notwithstanding such improvements may have been made before the passage of the act. In case the legal title is found to be in the plaintiff, and it should further be found that the value of such improvements at the time of the trial exceeds the mesne profits; while plaintiff is entitled to a verdict in his favor for the land, the defendant is also entitled to a recovery for the amount of excess of the value of such improvements over the mesne profits. The act thus applied is not unconstitutional on account of being retroactive or ex post facto, or on account of its interfering with any vested right of the owner of the land." "Remedial statutes, although retrospective, are not void, provided they do not impair contracts or disturb absolute vested rights, and only go to confirm rights already existing; and in furtherance of the *remedy,* by curing defects, and adding to the means of enforcing existing obligations." *Searcy* v. *Stubbs, 12 Ga.* 437; *Cox* v. *Berry, 13 Ga.* 306; *Knight* v. *Lasseter, 16 Ga.* 151; *Union Dry Goods Co.* v. *Ga. &c. Corporation, 142 Ga.* 841 (83 S. E. 946, L. R. A. 1916E, 358). It has been held that the remedy, the mode, and manner of enforcing contracts is no part of an obligation, and is within the legislative control. *Carey* v. *Giles, 9 Ga.* 253. There is a difference between the obligation of a contract, which can not be impaired, and the remedy to enforce it, "which generally may be left to the sound discretion of the legislature." *Griffin* v. *McKenzie, 7 Ga.* 163 (50 Am. R. 389). In *Lockett* v. *Usry, 28 Ga.* 345 (3), it was held that there is no constitutional impediment to prevent the legislature from changing remedies, provided they are not so impaired as to render them nugatory. Beyond this restriction, parties have no vested rights in remedies. It has been said: "So long as the State undertakes to furnish remedies, she may vary or modify them at pleasure, if she does not destroy their substantive character." *Cutts* v. *Hardee, 38 Ga.* 350, 356; *Gardner* v. *Ga. R. Co., 117 Ga.* 522 (43 S. E. 863). It has been held that claims arising before the passage of an act respecting the remedy may be collected under it. *Printup* v. *Trammell, 25 Ga.* 240 (2), 243.

As before stated, the present suit was pending in 1923, before the passage of the act of 1925. It is true that the general rule for the construction of statutes is not to give them retrospective operation, unless their language imperatively requires such construction.

*Moore* v. *Gill,* 43 *Ga.* 388, 390. But from a reading of the history of the present case as disclosed by the record, and *Bishop* v. *Bussey,* supra, and the exact language of the act of 1925, amending the workmen's compensation act of 1920, one is forced to the conclusion that the language of the legislature requires the construction that the act was passed as a remedial statute, and one to meet the facts of a case like the present. The statute does not affect the cause of action itself, but only extends the time within which the action may be brought. The statute of limitations acts upon the remedy, and the legislature has the right to change the remedy at pleasure. It can, for instance, change the statute of limitations which bars the right of action on a promissory note not under seal, which is now six years, to ten years; or it can shorten the time to five years if it sees fit. See 9 Howard, 522. In the present case the legislature has merely lengthened the time beyond one year from the time of accident in which a claim may be filed, and has not impaired the obligation of a contract. If the plaintiff had a real cause of action at the time it became barred under the act of 1920, it is not rendered void by reason of the passage of the act of 1920 or of 1925, but the plaintiff is merely given an extended time within which to prosecute his suit. It will be borne in mind that neither the act of 1920 nor the act of 1925 affects the cause of action itself; and I can not agree to the proposition that an essential element of the validity of a claim under the workmen's compensation act is the filing thereof with the industrial commission within twelve months from the date of the injury to the claimant. Neither can I agree to the contention of the majority of the court that the act of 1925 does not expressly or by clear implication apply to a cause of action which might have become barred at the time of the passage of the act. It appears from the record that if the suit became barred at all, it was between the filing of the first claim for compensation and the filing of the second claim, for the same cause of action; and the legislature seems to have by necessary implication passed the act of 1925 to meet just such a case as the present. The opinion of the majority is predicated upon the assumption that the legislature attempted to revive the *right of action* created by the act of 1920, that was barred by the statute of limitations, without doing so expressly or by necessary implication. But I am of the opinion that under the facts of the case

that contention is not borne out by the record. Undoubtedly the general rule is that the lawmaking power can not remove a statutory bar to recovery in a cause of action that has already become completed; but there are exceptions to the rule, as where the statute is remedial, as already pointed out in the case of Campbell v. Holt, and in the decisions of our own court, cited above. And so I am of the opinion, for the reasons stated by Mr. Justice Miller (one of the most learned Justices who ever sat upon that bench), and from the decisions of our own court, that the act of 1925 is not unconstitutional as being retroactive. "Courts should be slow to declare legislative acts unconstitutional. In cases of doubt the doubt should be resolved in favor of the constitutional validity of legislation. If a construction can be placed upon a statute which will save it from being declared unconstitutional, it is the duty of the courts to adopt such construction and thus save the act from collision with organic law." Such is the forcible and appropriate language of my learned colleague, Mr. Justice Hines, in the case of *Bennett* v. *Wheatley,* 154 *Ga.* 591, 593, 594 (115 S. E. 83). Presiding Justice Beck concurs in this dissent.