## CHARLES B. WHITTIER v. VILLAGE OF FARMINGTON and Others.[1]

### July 7, 1911.

### Nos. 17,228—(251).

**Election — jurisdiction of court over contest.**
The filing of a notice of appeal in proceedings to contest an election, pursuant to the provisions of chapter 59, Laws 1911, vests in the court jurisdiction of the contest, and the service of the notice upon the contestee, as well as the service of all other notices subsequent to filing the notice with the court, is subject to regulation and control, as to time and manner of service by the court.

[1] Reported in 131 N. W. 1079.

Service of notice of contest.

Upon filing the notice of contest, the court may, upon application promptly made, make such order in reference to the service of the notice upon contestee, and the service of other notices, as the circumstances presented justify, having regard to the command of the statute that the contest be brought to a speedy trial and termination.

Retroactive statute.

If the legislature has the power by retroactive or other legislation to revive a right once existing, but lost by reason of a failure to comply with statutory requirements essential to its preservation, the purpose to do so should clearly appear, and be not left to inference.

Same — application of act.

Chapter 59, Laws 1911, *held* not applicable to a contest of an election held prior to its enactment, which contest had not been perfected under the provisions of section 336, R. L. 1905, in consequence of which the court had no jurisdiction thereof at the time of the passage of the amended statute.

Second service of notice — lack of jurisdiction.

The court, having no jurisdiction of the contest, had no authority under the new statute to order a reservice of the notice of contest upon the contestee; the right to serve the same having expired before the amendment of section 336, R. L. 1905, took effect.

Petition of contestant, Charles B. Whittier, to the district court for Dakota county for a recount of all the ballots cast at the village election of 1911 upon the question of the issue of liquor licenses, and for other relief. The motion of the village of Farmington to dismiss the contest so far as it was concerned was granted, Hodgson, J. From an order dismissing the contest, contestant appealed. From an order denying contestant's motion for an order ratifying the service of notice of contest, he appealed. Affirmed.

*A. E. Rietz* and *Wilson, Mercer, Swan, Ware & Stinchfield,* for appellant.

*Albert Schaller* and *Earl C. Wilmot,* for respondent.

BROWN, J.

The question whether licenses for the sale of intoxicating liquors should be granted or refused was submitted to the electors at the annual village election held in and for the village of Farmington in

March, 1911. The election officers reported, as a result of their canvass of the votes cast, 116 in favor and 114 against license. Whereupon, and within ten days after the declared result, a contest of the election was instituted by appellant herein. The notice of the contest was properly filed with the clerk of the district court as required by law. The notice was personally served upon all individuals named as contestees, the same being persons alleged to have illegally voted at the election, and upon the village recorder, as the representative of the municipality. But notice was not served upon the chief executive of the village, as required by section 336 and section 4107, R. L. 1905.

It was contended in the court below that the notice was in fact served upon the chief executive of the village, but the court found otherwise, and the record will not permit of a review of that finding. And, as the record stands, the case must be disposed of upon the theory that the notice of contest was not served upon that official within the time prescribed by law, or at all.

Thereafter contestant, upon notice, applied to the court for an order appointing referees to recount the ballots cast at the election. Contestee the village of Farmington appeared specially by counsel and objected to further proceedings in the contest upon the ground that the court had no jurisdiction thereof, because the notice had not been properly served. The court held that the evidence of service then before the court was sufficient, overruled the objection, and appointed the referees. Counsel for contestee took no further part in the proceedings at that time, and did not participate in the selection of the referees.

Thereafter counsel for contestee moved the court, by the usual notice in writing, accompanied by an order to show cause, to dismiss the contest, on the ground that the court had no jurisdiction for the reason that the municipality had not been served with notice as required by law. Contestant then moved the court, proceeding under the provisions of chapter 59, p. 78, Laws 1911, for an order fixing the time and manner for the reservice of the notice of contest. Both motions came on to be heard at the same time. Upon the question whether the notice had been served upon the chief executive officer

of the village, witnesses were sworn and gave evidence. At the conclusion of the hearing the court denied contestant's motion for leave to reserve the notice, and granted the motion of contestee to dismiss the contest for want of jurisdiction, thus holding that the notice had not been properly served, from the consequences of which contestant could not, under the law, be relieved. Contestant later moved the court to vacate the order dismissing the contest, which was denied. Contestant appealed from each of these orders.

The record presents a single question, namely, whether contestant was entitled to an order providing for a new service of the notice of contest. The finding of the trial court that the notice was not served upon the chief executive officer of the village cannot be reviewed, for the reason that the evidence upon which the court acted is not before us. It was not returned, either as a part of a settled case or a bill of exceptions. The finding, therefore, must stand. Nor is the contention that contestee appeared generally in the proceeding, and therefore waived service of the notice, sustained by the record. So far as we can gather by the record, the appearance of contestee was special, and for the purpose only of objecting to the jurisdiction of the court. The resistance of contestant's motion for leave to reserve the notice of contest cannot be held a general appearance, since the objections to that motion were based upon the ground of want of jurisdiction in the court to entertain any proceeding looking to a hearing and determination of the contest. The appearance, being exclusively for that purpose, was special, and not general. Chubbuck v. Cleveland, 37 Minn. 466, 35 N. W. 362, 5 Am. St. 864; Houlton v. Gallow, 55 Minn. 443, 57 N. W. 141; Higgins v. Beveridge, 35 Minn. 285, 28 N. W. 506; Dunnell, Digest, § 481. So we come directly to the question whether the court below erred in not permitting contestant to serve the notice of contest after the time prescribed by the statute in force when the contest was commenced. Our conclusion upon the question is that the court correctly disposed of the matter.

Section 336, R. L. 1905, the statute in force at the time this contest was instituted, provides that notice of the contest shall be filed with the clerk of the district court within ten days after the canvass.

of the election return, and also served upon the contestee. The statute has been construed to require both the filing and service of the notice within the time stated. Odegard v. Lemire, 107 Minn. 315, 119 N. W. 1057. The election in question was held on March 14, 1911, and the ballots cast were canvassed and the result announced on the same day, so the time within which the notice of contest could be served under that statute expired March 24, 1911. It was not served. Chapter 59, p. 78, Laws 1911, became a law on March 28, 1911, four days after the time limited for the service of the notice under this election. That statute amended section 336, by providing for the filing of the notice of contest with the clerk within ten days, and that the service of all notices should be made under the direction of the court. The original statute was substantially reenacted, with the additional provision that "all notices provided for herein shall be served in such manner and within such times as the court may by order direct." Reliance is had upon the amended statute to support the claim that the court was authorized thereunder to provide by order for a reservice of the notice of contest.

We concur in counsel's construction of the new statute. It is clear that the purpose of the legislature in its enactment was to prevent a performance such as that disclosed in the case of Odegard v. Lemire, supra, and to vest in the court authority to prescribe the time and manner for the service of all notices in contest proceedings subsequent to the filing of the contest with the clerk. In the case referred to the candidate who upon the face of the election returns had received a majority of all votes cast, and had been declared elected, thereafter conveniently concealed himself during the period prescribed for the service of a notice of contest, thus preventing a service and any further proceedings in a contest that was commenced against him. The effect of the statute is to prevent anything of the kind in the future.

Under the amended law the act of filing with the clerk the notice of contest vests the court with jurisdiction of the proceeding, and the contestant may thereupon apply for an order fixing the time and manner for the service of subsequent notices. This will not, as suggested by counsel for contestee, enable the contestant to indefinitely

prolong the contest by a delay in applying to the court for the subsequent order, for the latter clause of the statute provides for a prompt trial of the contest, and necessarily the contestant must proceed, after filing of notice of the contest, with reasonable promptness.

But, while concurring in this view of the statute, we are unable to adopt the further claim that the amended statute applies to this contest. The statute did not become operative until four days after the time limited by the prior law within which this contest could be commenced. There was a failure to comply with the old statute, in consequence of which there was no contest pending of which the court had jurisdiction when the amendment was passed.

Statutes affecting remedies in matters of procedure, where the method of enforcing a right is changed without affecting the right itself, are generally construed as applicable to existing rights, as well as to rights subsequently to accrue. But we have found no case where it has been held that a right, once existing, but lost because of a failure to comply with a statute, a compliance with the provisions of which was essential to its preservation, has been revived by an amendment of the statute changing the steps necessary to protect the right. This is illustrated by changes in statutes of limitation. A particular statute limits the right to commence an action to six years from the time the cause of action accrued. An amendment of that statute extending the time to eight years would not revive a cause of action which became barred a few days prior to the change in the law, though it would operate to extend the time as to all causes of action not then barred by the old statute. So in this case the right to contest the election had expired by lapse of time, and did not exist when this statute was enacted. If the right to perfect the contest had not then expired, no doubt the new law would have controlled the procedure therein. But since the contest was at an end, was not in fact pending, for the court had not been vested with jurisdiction thereof, it would be a strain upon the rules of statutory construction to hold that it might be resurrected under the amended law.

The general rule is that the legislature has no power to revive a

right of action already barred by limitations by retrospective legislation, or otherwise. 25 Cyc. 988, and cases cited. But, if the power be conceded, the intention to revive should be made clearly to appear by the terms of the statute, and not left to inference.

Our conclusion, therefore, is that the amended statute has no application to the contest here in question. Had a valid contest been instituted, of which the court had jurisdiction, no doubt proceedings therein subsequent to the new statute would have been controlled thereby.

The orders appealed from are affirmed.