**Angela LaVAN, by Earl LaVAN and Linda LaVan, her parents and natural guardians, Appellant,**

v.

**COMMUNITY CLINIC OF WABASHA, et al., Olmsted Community Hospital, Respondents.**

No. C5–88–335.

Court of Appeals of Minnesota.

June 14, 1988.
Review Denied Aug. 24, 1988.

Reed K. Mackenzie, Hvass, Weisman & King, Minneapolis, for appellant.

David C. Hutchinson, Geraghty, O'Loughlin & Kenney, St. Paul, for Community Clinic of Wabasha.

Kay Nord Hunt, Kathryn Helen Davis, Lommen, Nelson, Cole & Stageberg, Minneapolis, for Olmsted Community Hosp.

Heard, considered, and decided by WOZNIAK, C.J., and PARKER and FORSBERG, JJ.

## OPINION

WOZNIAK, Chief Judge.

In this medical malpractice action, the trial court granted respondents judgment on the pleadings based on the application of provisions in the 1986 Tort Reform Act which changed the length of time the statute of limitations may be suspended. The trial court applied the amended statute retroactively, which barred appellants' claim. We affirm.

### FACTS

Angela LaVan was born on February 14, 1971, at Olmsted Community Hospital. She and her parents allege the respondents provided negligent labor and delivery care

on that date, resulting in permanent neurological injuries to Angela. The case was not commenced until March 5, 1987.

The trial court granted judgment on the pleadings in favor of respondents. The court ruled the legislature clearly and manifestly expressed its intention that the Tort Reform Act's changed provisions regarding suspension of the statute of limitations were to be retroactively applied, and barred appellants' malpractice claim. The trial court also found the statute did not provide an additional year for appellants to bring their claim.

## ISSUES

1. Did the legislature clearly and manifestly intend to apply the amended statute of limitations retroactively?

2. If the statute is to be retroactively applied, does the statute provide an additional year after its effective date to file a claim?

## ANALYSIS

### Standard of Review

In reviewing a trial court's order for judgment on the pleadings, the court of appeals is limited to the facts asserted in the pleadings interpreted in the light most favorable to the plaintiff. *Stephenson v. Plastics Corp. of America*, 276 Minn. 400, 402, 150 N.W.2d 668, 671 (1967).

1. There is a two-year statute of limitations for medical malpractice claims in Minnesota. Minn.Stat. § 541.07 (1986). Under certain circumstances, however, the running of the statute of limitations is suspended. Prior to January 1, 1987, the statute of limitations was suspended (in the case of medical malpractice at birth) until the child reached age 19.[1] In 1986, the legislature amended the portion of the stat-

ute that suspended the period of limitations to read:

> In actions alleging malpractice, error, mistake, or failure to cure * * * against a health care provider, the ground of [minority as a disability] suspends the period of limitation until the disability is removed. *The suspension may not be extended for more than seven years, or for more than one year after the disability ceases.*

1986 Minn.Laws ch. 455, § 79 (emphasis added). The Tort Reform Act was signed into law on March 25, 1986. The change in the statute of limitations was to "apply to all actions commenced on or after the effective date," which was designated as January 1, 1987. *Id.* § 95.

The issue in this case is whether the new statute of limitations is to be applied retroactively. If it applies prospectively, the claim has not expired because Angela La-Van has not yet reached age 18, the age at which her minority would cease under the prior statute. If it applies retroactively, her claim would be barred because the claim would have expired in 1978, seven years after the date of the alleged malpractice.

### Retroactive application of the statute

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (1986). All parties agree this standard must be met in order for the statute at issue to apply retroactively.

Respondents argue three factors indicate the legislature clearly and manifestly intended this statute to apply retroactively—the language of the effective dates portion of the statute, testimony in the contemporaneous legislative history, and the delayed effective date of the statute.

### A. Effective dates portion of statute.

The entire statutory section on effective dates reads:

> of infancy, shall not be extended for more than five years, nor in any case for more than one year after the disability ceases: (1) the plaintiff is within the age of 18 years.
> Minn.Stat. § 541.15 (1986).

---

1. Prior to the amendment, the statute read:
   [A]ny of the following grounds of disability * * * shall suspend the running of the period of limitation until the [disability] is removed; provided that such period, except in the case

Sections 2, 63, 77, and 90 are effective July 1, 1986, and apply to claims arising from incidents that occur on or after that date.

*Sections 60, 79, 82, and 83 apply to all actions commenced on or after the effective date of those sections.* Sections 80, 84, 85, 86, 88, and 89 apply to actions pending on or commenced on or after the effective date of those sections.

Sections 3 to 59, 61, 62, 78, and 94 are effective the day following final enactment. *Section 79 is effective January 1, 1987.*

1986 Minn.Laws ch. 455, § 95 (references to § 79 emphasized).

The amendment at issue applies to "all actions commenced on or after the effective date." In contrast, other portions of the Tort Reform Act clearly are to be applied prospectively only; sections 2, 63, 77, and 90 "apply to claims arising from incidents that occur on or after" the effective date. Still other portions of the act apply to an even broader range of cases than the portion of the statute at issue in this case (applying, additionally, to all claims then *pending* in the courts, not just those commenced after the effective date).[2]

As it did with other portions of the statute, the legislature could have provided that section 79 applied to *claims arising* from incidents which occurred on or after the effective date. However, the legislature specifically provided the amendment was applicable to all *actions commenced* on or after the effective date. This language indicates clear legislative intent to apply the amendment retroactively.

Appellants argue that *Parish v. Quie*, 294 N.W.2d 317, 318 (Minn.1980), requires that the intent to apply a statute retroac-

tively must be shown "on the face of the statute." This language was not necessary to the court's decision in *Parish*. In that case, there was no indication of legislative intent to apply the statute retroactively. In any event, the language in the "effective dates" section of this statute provides an indication "on the face of the statute" of legislative intent to apply the statute retroactively.

### B. Legislative History of Section 79.

When construing statutes, Minnesota courts are required to ascertain and give effect to legislative intent. *Stawikowski v. Collins Electrical Construction Co.*, 289 N.W.2d 390, 395 (Minn.1979). Respondent makes two separate arguments regarding the legislative history—first, that the contemporaneous legislative history clearly shows an intent to apply the statute retroactively, and second, that the policy reasons underlying the statute's change show that same intent.

*Contemporaneous legislative history.*

The intention of the legislature may be ascertained by looking at a variety of factors, including the legislative history. Minn.Stat. § 645.16(7) (1986).

In a discussion regarding the amended statute of limitations, Representative Kathleen Blatz stated:

In section 9 we are dealing with the statute of limitations. Currently a minor can bring a lawsuit up to 19 years if it happened at birth and what happens is that you have 18 years of what you call a disability and that is because you are of minority and then you have an additional year. What the bill does, is that it allows the disability to be treated like other disabilities * * * and that is five years of

---

**2.** Sections 80, 84, 85, 86, 88, and 89 "apply to actions pending on or commenced on or after the effective date of those sections," 1986 Minn. Laws ch. 455, § 95. By virtue of the application to "pending" cases, these portions of the statute seem to apply retroactively to all claims, regardless of when they arose.

Additionally, sections 3 to 59, 61, 62, 78, and 94 do not indicate which claims they apply to;

the statute merely says they are "effective the day following final enactment." *Id.* These portions of the statute, by virtue of the presumption against retroactivity, appear to be prospective in application; they would not apply to claims arising prior to the effective date, regardless of when the claim was brought.

disability and then the two year statute of limitations would run so a minor would have seven years. The statute of limitations would, I'm sorry, the effective date I don't have that, I think may be August 1st. But the effective date in the statute of limitations would not begin until January 1, 1987, for anybody that already had an action and that they thought that they had a longer period of time. *We wanted to give them an additional six months to bring any lawsuits.*

House Financial Institutions and Insurance Committee (tape of Feb. 5, 1986) (emphasis added). The remarks of Representative Blatz evince a clear intent that this legislation was to be applied retroactively, after a suitable period to allow for the filing of claims.

At oral argument, appellant suggested this court should not look beyond the face of the statute or consider Representative Blatz's clear statement in ascertaining legislative intent. Counsel argued this would provide a more manageable standard of review of the issue of retroactive application of statutes. This court, however, is obligated to follow the law as it exists. The law clearly requires this court to look at contemporaneous legislative history, where relevant, in determining matters of legislative intent.

*Reason for enactment.*

The intention of the legislature also may be ascertained by looking at the occasion and necessity for the law, the circumstances under which it was enacted, the mischief to be remedied, and the object to be obtained. Minn.Stat. § 645.16(1)–(4). In this case, however, these factors carry little weight. The record does indicate the statute was remedial in nature, but this fact does not carry with it any implication regarding the retroactive intent of the legislature. It merely indicates policy support for the substantive change in the law.

### C. Delayed effective date.

The statute became effective on January 1, 1987, after being passed on March 25, 1986. 1986 Minn.Laws ch. 455, § 95. This was the only section of the statute which was effective on that date; all other sections had an earlier effective date.

Respondent argues the delayed effective date is additional support for the proposition that the legislature intended the statute to apply retroactively. Case law supports this position.

In *Kozisek v. Brigham,* 169 Minn. 57, 210 N.W. 622 (1926), the court applied a new two-year statute of limitations period to a claim which arose prior to the effective date of a new statute of the limitations. The legislature had provided a three-month delay between the enactment and effective date of the new limitations period. The court stated:

It is impossible to discern any other purpose for postponing the effect of the act than to make it applicable to existing causes of action. That conclusion necessarily follows the obvious fact that if such were not its purpose, the delay was wholly without purpose. In other words, the only way in which the suspensory section can be made purposeful is to hold the amendment applicable to all causes of action existing at the time, and that the delay was to allow the timely commencement of actions thereon. Such is generally the only purpose of suspending the effect of amendments of statutes of limitation.

*Id.* at 57, 210 N.W. at 622.

Appellants argue that *Kozisek* was questioned by this court. In *Lee v. Industrial Electrical Co.,* 375 N.W.2d 572 (Minn.Ct. App.1985), *aff'd,* 389 N.W.2d 205 (Minn. 1986), this court was faced with the situation where the delay in the effective date was caused by the absence of a specific effective date in the legislation. As a result, the effective date was August 1. *See* Minn.Stat. § 645.02 (1986) (providing for August 1 effective date where statute fails to explicitly provide effective date). In response to the argument that the delay in the effective date was clear evidence of legislative intent, this court stated:

Both *Kozisek* and *Anderson* were decided before passage of Minn.Stat. § 645.21 (1941), which requires clear legislative intent to apply a statute retroactively. *Id.* at 574.

The case before this court differs from *Lee* in that the statute in *Lee* did not affirmatively provide for a delayed effective date; the effective date was set by default, pursuant to statute. In the case before us, the effective date was specifically delayed beyond the effective dates of the remainder of the statute.

The *Lee* court further relied on *Cooper v. Watson*, 290 Minn. 362, 187 N.W.2d 689 (1971), which refused to apply a statute of limitations retroactively. In *Cooper*, the effective date set for the legislation was September 1; the legislature had passed the act on June 4. The September 1 date applied to the entire act, unlike the case before this court, where only the change in the suspension of the statute of limitations was given a delayed effective date. Additionally, in *Cooper* there was no other proof of legislative intent to apply the statute retroactively; in this case, the legislature's directive regarding the statute's application to a case filed on or after the effective date and the contemporaneous legislative history provide the requisite legislative intent.

There is, as in *Kozisek*, no other rationale for the delayed effective date in the case before this court. Appellants argue that this places a burden on them to determine a different reason for the delay; the language in *Kozisek* implies this burden.

■ 2. Appellants also argue that the amendment, in effect, terminates Angela's status as a minor, and the statute therefore grants an additional one-year period during which an action may be commenced. We disagree for several reasons.

First, the statute does not change Angela's status as a minor. She is not yet 18, and therefore remains a minor. The statute circumscribes the amount of time that status will toll the statute of limitations, not the amount of time she will remain a minor. Appellants rely on *Anderson v. Lutheran Deaconess Hospital*, 257 N.W.2d 561 (Minn.1977), for their argument that Angela's status as a minor has been terminated by the legislation. In *Anderson*, however, the legislature specifically lowered the age of minority; in this case, the age of minority was not changed. *Anderson* therefore is inapplicable.

■ Second, the statute does not provide for an additional year to file a claim where the incident giving rise to the claim took place more than seven years before the claim was filed. The statute provides alternate ways of determining the maximum length of time the limitations period may be tolled: "The suspension may not be extended for more than seven years, *or* for more than one year after the disability ceases," 1986 Minn.Laws ch. 455, § 79 (emphasis added). In this case, the seven-year period has run. We do not reach the alternate possibility.

Finally, appellants' argument is inconsistent with our finding that the purpose of the delayed effective date was to provide a period of time to file claims of this type. If an additional year were given to bring claims, there would be no need to delay the statute's effective date for nine months.

## DECISION

■ The trial court correctly determined that the legislature, through the statute's express applicability to claims brought after its effective date, the contemporaneous legislative history, and the statute's delayed effective date, expressed its clear and manifest intent to retroactively apply the provisions changing the circumstances under which the statute of limitations is suspended. Appellants' claims therefore are barred. The statute does not provide an additional year to bring those claims.

Affirmed.