FIRST NATIONAL BANK OF
DEERWOOD, Respondent,

v.

Thomas E. GREGG, et al., Petitioners,
Appellants.

No. C5–95–1472.

Supreme Court of Minnesota.

Dec. 19, 1996.

Stephanie Ann Ball, Fryberger, Buchanan, Smith and Frederick, P.A., Duluth, for appellants.

Paul J. Sandelin, Gammello and Sandelin, P.A., Pequot Lakes, for respondent.

## OPINION

TOMLJANOVICH, Justice.

Thomas and Colleen Gregg (the "Greggs") seek review of a decision of the court of appeals affirming the district court's exercise of jurisdiction in issuing a claim and delivery order prior to commencement of the underlying action. The Greggs are principal stockholders of Mr. Meats, Inc. and have executed several loans and security agreements with First National Bank of Deerwood ("Bank"). On January 13, 1995, the Bank alleged that the Greggs were liquidating their business in violation of security agreements in which the Greggs gave the Bank a security interest in the store assets. Pursuant to Minnesota

Statutes section 565.24, the Bank sought immediate possession of the collateral without notice and prior to commencing an action against the Greggs.

On January 13, 1995, the district court issued an ex parte order in claim and delivery that, among other things, directed the sheriff to seize the store assets and bank accounts, allowed for the sale of the store inventory, and required the cash proceeds of that sale to be deposited with the court administrator pending a later hearing. The order also required the Bank to post a bond in the amount of $5,000.

At the time the Greggs were served with the order in claim and delivery, the Bank had not commenced an action against the Greggs. It was not until several weeks after the store assets were seized and sold to another business that the Bank served the Greggs with a summons and complaint for the underlying action.

The district court subsequently confirmed its order in response to a motion to vacate by the Greggs. The court of appeals affirmed the district court's exercise of jurisdiction and remanded for final adjudication of all other issues. The Greggs seek review of the court of appeals' decision and we reverse, concluding that the district court lacked jurisdiction to issue the order in claim and delivery.

■ The Greggs argue that chapter 565 requires commencement of an action before a creditor can obtain an order in claim and delivery under section 565.24. They assert that the first provision of chapter 565 presumes that a claimant seeking possession of property prior to final judgment and pursuant to chapter 565 has commenced an action from which the order in claim and delivery arises.[1] However, the Bank argues and the court of appeals held that such a requirement

would result in a complete disregard of section 565.24, which provides for claim and delivery "prior to notice and hearing."[2] We reverse the court of appeals and hold that an action must be commenced prior to issuance of an order in claim and delivery under section 565.24.

■ Our decision is based on a plain reading of the statute, as well as the legislative history of chapter 565. When a general provision conflicts with a special provision in the same law, the two provisions should be construed, if possible, to give effect to both provisions. Minn.Stat. § 645.26, subd. 1 (1996). Interpreting section 565.24 as permitting an order in claim and delivery prior to commencement of the underlying action does not give full effect to section 565.21. In order to give effect to both provisions, section 565.24 must be read as allowing an order in claim and delivery prior to notice and hearing of the motion for such an order, not prior to commencement of the underlying action from which the order arises. Consequently, section 565.21 must be read so that a claimant seeking relief under section 565.24 is required to commence an action prior to the issuance of an order in claim and delivery.

The court of appeals' interpretation of section 565.24's purpose further contradicts the language of that section. Its heading reads, "Recovery of possession prior to notice and hearing." Minn.Stat. § 565.24 (1996). Although this may be interpreted as allowing for an order in claim and delivery prior to the commencement of an action, the language of section 565.24 clearly contradicts such an interpretation. Subdivision 1 of section 565.24 states that "[a] claimant seeking to recover possession of property prior to *notice and hearing as provided in section 565.23* shall proceed by motion seeking such relief." Minn.Stat. § 565.24, subd. 1 (1996) (emphasis

---

1. The Greggs rely on the language of section 565.21 to argue that chapter 565 requires a claimant to commence an action prior to seeking an order in claim and delivery under section 565.24:

    *In an action* to recover possession of personal property, the claimant may obtain possession of the property prior to final judgment in the manner prescribed in Laws 1979, chapter 18.

Minn.Stat. § 565.21 (1996) (emphasis added).

2. Section 565.24 provides, in part, as follows:

    A claimant seeking to recover possession of property prior to notice and hearing as provided in section 565.23 shall proceed by motion seeking such relief.

Minn.Stat. § 565.24, subd. 1 (1996).

added). Because section 565.23 concerns notice and hearing for the motion for order in claim and delivery after service of a summons and complaint, the legislature clearly intended section 565.24 to provide for such an order prior to notice and hearing of the motion, not the underlying action.

Taped discussions of the House Judiciary Committee legislation further support our interpretation of section 565.24.[3] When the language of a statute is ambiguous, courts may consider the legislative history as one factor in construing the intent of the legislature. Minn.Stat. § 645.16, subd. 7 (1996). Furthermore, tape recordings of committee hearings are regarded as part of that legislative history. *Handle With Care, Inc. v. Department of Human Services,* 406 N.W.2d 518, 522 (Minn.1987). Although this court should treat with caution statements made in committee discussion, such statements provide further support for the interpretation indicated by the rules of statutory construction.

Consequently, we hold that section 565.24 requires a claimant to commence an action before an order in claim and delivery can be issued. Contrary to the court of appeals' decision, section 565.24 does not provide for claim and delivery prior to notice and hearing of the original action. Rather, the clear language and intent of section 565.24 is to allow claimants who have commenced an action to seek possession of property prior to notice and hearing of the motion for an order in claim and delivery.

The Minnesota Rules of Civil Procedure govern the methods for commencing an action. Specifically, an action is commenced by service of the summons on the defendant, acknowledgment of service if service is made by mail, or by delivery of the summons to the sheriff in the county where the defendant resides for service, followed by service of the summons on the defendant or publication within 60 days. Minn.R.Civ.P. 3.01 (1996).

In this case, the Bank did not serve the Greggs with the summons and complaint for the original action until several weeks after the district court had issued the order in claim and delivery. There is no evidence that the Bank delivered the summons to the sheriff prior to the motion for the order in claim and delivery. Because the Bank had not commenced an action against the Greggs, there was no action pending at the time the district court issued the order in claim and delivery. Consequently, the district court lacked jurisdiction to issue such an order under section 565.24 and the decision of the court of appeals is reversed.[4]

3. The tape recording of the judiciary committee meeting on chapter 565 lends further support to the proposition that the legislature intended that an order in claim and delivery issue in actions that have already been commenced. During discussions of chapter 565, a legislator specifically asked whether replevin under chapter 565 requires that an action be initiated. A drafter of the bill responded that replevin is raised by motion in an existing case. He added that an action can be commenced either prior or simultaneous to a motion for replevin. *An Act Relating to Legal Process; Providing for Replevin of Personal Property Before and After Hearing: Hearing on H.F. No. 416 Before the House Judiciary Comm.,* 71st Legis.Sess. (Minn., Feb. 22, 1979) (comments of James Baillie, drafter).

4. We also would like to note that the Bank did not fulfill the bonding requirements of section 565.25, which require the posting of a bond in an amount 1½ times the fair market value of the property seized. Minn.Stat. § 565.25, subd. 1 (1996). At the time the district court issued the

order in claim and delivery, the Bank estimated the value of the property seized at $90,000. However, the district court required the Bank to post a bond of only $5,000.

The Bank argues that the bonding requirement was satisfied pursuant to section 565.25, subd. 4, which allows for the bonding requirement to be satisfied by depositing cash, a cashier's check, or a certified check with the court. Because the district court required that the proceeds of the sale of seized property be deposited with the court administrator, the Bank claims that the proceeds of that sale could be used to satisfy the bonding requirements. However, the purpose of such a bonding requirement is to protect the debtor against damages caused by unwarranted prejudgment seizures. *Connecticut v. Doehr,* 501 U.S. 1, 19, 111 S.Ct. 2105, 2116–17, 115 L.Ed.2d 1 (1991). At the time the district court issued the order in claim and delivery, the ownership of the property seized had not yet been decided. Consequently, the bonding requirement cannot be satisfied by the sale proceeds of property, the disposition of which had not been determined.

■ Reversed and remanded to the trial court for resolution of all issues consistent with this opinion.[5]

BLATZ, J., took no part in the consideration or decision of this case.

---

5. The Greggs challenge the trial court's jurisdiction to issue orders while this matter has been pending on appeal. While we conclude that the trial court lacked jurisdiction to issue the order in claim and delivery in this case, we make no determination as to whether the trial court has jurisdiction over the underlying action. Pending an appeal, the jurisdiction of a trial court is suspended only to those matters necessarily involved in the appeal and not as to those matters that are independent or supplemental to the issues on appeal. *Spaeth v. City of Plymouth,* 344 N.W.2d 815, 824 (Minn.1984). Thus, any orders issued by the trial court while this matter has been pending on appeal are reversed only if such orders necessarily involve this appeal.