**In the Matter of the WELFARE OF A.L.F.**

**No. C7–97–2031.**

Court of Appeals of Minnesota.

May 26, 1998.

---

Allen P. Eskens, Mankato, for appellant father.

Todd S. Webb, Clay County Attorney, Beverly L. Adams, Assistant County Attorney, Moorhead, for respondent Clay County Social Services.

Considered and decided by LANSING, P.J., and KLAPHAKE and SCHULTZ,* JJ.

## OPINION

LANSING, Judge.

The district court terminated Steven Klein's parental rights to his daughter A.L.F. on the grounds that A.L.F.'s half-sister experienced egregious harm in Klein's care. We reject Klein's argument that because the half-sister was not his child, the harm she experienced cannot provide termination grounds under Minn.Stat. § 260.221, subd. 1(6). We decline to consider the constitutional arguments raised on appeal that were not raised in the district court, and we affirm.

## FACTS

Steven Klein and Sheri Fuller are the parents of A.L.F., who was born on March 6, 1994. Shortly after her birth, A.L.F. was adjudicated to be a child in need of protection or services and was placed in foster care. Sheri Fuller consented to termination of her parental rights in April 1997.

Klein's paternity of A.L.F. was established in July 1995. Klein and A.L.F. have had no contact with each other. When paternity was established, Klein was serving an 86–month sentence following his 1994 conviction for malicious punishment of a child, first degree assault, and neglect or endangerment of a child. His conviction was based on severe injuries inflicted on Sheri Fuller's older daughter while she was in Klein's care in October 1993.

The petition for parental termination alleged abandonment, palpable unfitness, that a child has experienced egregious harm in Klein's care, and that A.L.F. is neglected and in foster care. *See* Minn.Stat. § 260.221, subd. 1(1), (4), (6), (8) (Supp.1997). The district court found that Klein's assault on Fuller's older daughter while in Klein's care resulted in egregious harm of a nature that indicated such a lack of regard for the child's well-being that a reasonable person would believe it contrary to the best interests of any child to be in Klein's physical care. The

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. Art. VI, § 10.

district court did not address the alternative grounds for termination.

The findings on egregious harm were drawn from the transcript and written findings in Klein's criminal prosecution and sentencing hearing. The findings stated that Klein was acting as caretaker for Fuller's 14–month–old child when he assaulted the child, causing multiple bruises in the chest area and a skull fracture accompanied by severe brain trauma. The findings also stated that Klein did not seek help for the child until almost five hours after the injuries were inflicted, despite Klein's awareness of the severity and progress of the injuries, demonstrated by head swelling, convulsions, emesis, and losing consciousness. The child sustained permanent injury from the assault and Klein's delay in seeking medical care reduced the child's chances for normal recovery.

At both the criminal trial and the termination hearing, Klein denied that he assaulted the child and claimed the injuries occurred when she fell from a ledge approximately 19 inches above the cement sidewalk in front of Fuller's apartment building. The district court in the criminal prosecution found that Klein's explanation was not rational and was inconsistent with the medical testimony. At the sentencing hearing, Klein stated that he was sorry about the injuries and that he did not intend to harm the child.

At the termination hearing Klein restated his claim that the child's injuries resulted from an accident and that he did not intentionally harm her. Klein estimated that he would be released from prison in July 1998 and stated that with assistance he would be able to parent A.L.F. A.L.F.'s guardian ad litem testified that it would be in A.L.F.'s best interests to be placed for adoption. The guardian based that opinion on the destabilizing effect of the lengthy foster care, concerns about A.L.F.'s safety in Klein's care, Klein's refusal to acknowledge responsibility for the injuries to A.L.F.'s half-sister, and Klein's lack of parenting skills. Klein appeals the termination of his parental rights, contending that the district court misconstrued the statutory basis for termination and that applying these grounds to him has a constitutionally prohibited ex post facto effect.

## ISSUES

I. Does Minn.Stat. § 260.221, subd. 1(6), provide a grounds for termination of parental rights when there is no parent-child relationship between the person whose parental rights are sought to be terminated and the child who experienced egregious harm while in that person's care?

II. Were the constitutional issues raised on appeal waived when those issues were not raised in the district court?

## ANALYSIS

### I

■ The juvenile court may terminate rights of a parent to a child only for grounds expressly provided in Minn.Stat. § 260.221 (Supp.1997) and consistent with the paramount consideration of the child's best interests. Minn.Stat. § 260.221, subd. 4 (1996). One of the express grounds listed in section 260.221 relates to egregious harm and authorizes termination of parental rights if

a child has experienced egregious harm in the parent's care which is of a nature, duration, or chronicity that indicates a lack of regard for the child's well-being, such that a reasonable person would believe it contrary to the best interest of the child or of any child to be in the parent's care.

Minn.Stat. § 260.221, subd. 1(6) (Supp. 1997). Klein argues that "in the parent's care" implies a parent-child relationship between the parent and the child who has experienced egregious harm and therefore the harm experienced by A.L.F.'s half-sister in his care cannot provide grounds for terminating his parental rights to A.L.F. The state argues that subdivision 1(6) is a grounds for termination when egregious harm has been suffered by any child in the care of the person whose rights are proposed to be terminated.

■ A statute is ambiguous if it is reasonably susceptible to more than one interpretation. *Tuma v. Commissioner of Economic Security,* 386 N.W.2d 702, 706 (Minn.

1986). Both Klein's and the state's interpretations of Minn.Stat. § 260.221, subd. 1(6), are possible. When a statute is ambiguous, the appellate court is required to ascertain and effectuate legislative intent. *Wynkoop v. Carpenter,* 574 N.W.2d 422, 425 (Minn.1998).

■ An established procedure for discerning legislative intent for doubtful terms is by reference to their connection with other associated words and phrases. *State v. Suess,* 236 Minn. 174, 182, 52 N.W.2d 409, 415 (1952). "Egregious harm" is more fully defined elsewhere in the juvenile statute:

"Egregious harm" means the infliction of bodily harm to a child or neglect of a child *which demonstrates a grossly inadequate ability to provide minimally adequate parental care.* The egregious harm need not have occurred in the state or in the county where a termination of parental rights action is otherwise properly venued. Egregious harm includes, but is not limited to:

(1) conduct towards a child that constitutes a violation of sections 609.185 to 609.21, 609.222, subdivision 2, 609.223, or any other similar law of any other state;

(2) the infliction of "substantial bodily harm" to a child, as defined in section 609.02, subdivision 8;

(3) conduct towards a child that constitutes felony malicious punishment of a child under section 609.377;

(4) conduct towards a child that constitutes felony unreasonable restraint of a child under section 609.255, subdivision 3;

(5) conduct towards a child that constitutes felony neglect or endangerment of a child under section 609.378;

(6) conduct towards a child that constitutes assault under section 609.221, 609.222, or 609.223;

(7) conduct towards a child that constitutes solicitation, inducement, or promotion of prostitution under section 609.322;

(8) conduct towards a child that constitutes receiving profit derived from prostitution under section 609.323; or

(9) conduct toward a child that constitutes a violation of United States Code, title 18, § 1111(a) or 1112(a).

Minn.Stat. § 260.015, subd. 29 (Supp.1997) (emphasis added).

■ The listed instances of "egregious harm" focus on conduct demonstrating the parent's grossly inadequate *ability* to provide parental care to any child. Taped discussions of the Senate Family Services Committee addressing the definition of "egregious harm" describe a legislative purpose to allow prompt action by social services agencies to terminate parental rights when a parent has engaged in conduct described as egregious harm. Hearing on S.F. No. 1885 *Before the Senate Committee on Family Services* (Feb. 6, 1996) (comments of Dr. David Sanders, Director, Hennepin County Dept. of Children & Family Services); *First Nat'l Bank of Deerwood v. Gregg,* 556 N.W.2d 214, 217 (Minn.1996) (tape recording of committee hearings on legislative history that may be considered in construing legislative intent). The definition of "egregious harm" under section 260.015, subd. 29, is not limited to the parent's conduct toward his or her own child but, rather, pertains to the parent's grossly inadequate ability to provide minimally adequate parental care to any child.

We also discern legislative intent from the absence of a specific restriction to a parent-child relationship in the language of the statute. In other listed grounds for termination, the legislature has explicitly stated that the grounds must be tied to the parent-child relationship. *See, e.g.,* Minn.Stat. § 260.221, subd. 1(2) (Supp.1997) (termination of parental rights for neglect or failure to comply with duties imposed by parent and child relationship); 260.221, subd. 1(4) (Supp.1997) (termination of parental rights on the basis of palpable unfitness requires a showing of a "consistent pattern of specific conduct before the child or specific conditions directly relating to the parent and child relationship").

■ Consistent with the definition of "egregious harm" under section 260.015, subd. 29, we read the grounds for termination of parental rights under section 260.221, subd. 1(6), as not requiring that the parent has inflicted egregious harm on his or

her own child but, rather, that a child has experienced egregious harm in the parent's care which demonstrates the parent's grossly inadequate ability to provide minimally adequate parental care to any child. This construction gives meaning and effect to the clause in section 260.221, subd. 1(6), requiring a finding that a reasonable person would believe it contrary to the best interest of the child "or of any child" to be in the parent's care. *See Duluth Firemen's Relief Ass'n v. City of Duluth*, 361 N.W.2d 381, 385 (Minn. 1985) ("statute is to be construed, if possible, so that no word, phrase, or sentence is superfluous, void, or insignificant"). We reject Klein's claim that as a matter of law the statute could not apply to egregious harm suffered by a child in his care when he was not that child's parent.

## II

On appeal Klein argues for the first time that his constitutional right to due process was violated by the district court's retroactive application of Minn.Stat. § 260.221, subd. 1(6). He concedes that he did not raise the constitutional issues in the trial court proceeding, but argues that this court may review the issues because they involve plain errors affecting his substantial rights.

A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). Even in the context of termination of parental rights, failure to raise constitutional issues in the district court precludes the issues from being raised on appeal. *In re Welfare of C.L.L.*, 310 N.W.2d 555, 557 (Minn.1981). In accordance with *C.L.L.*, we decline to review Klein's constitutional issues.

## DECISION

We affirm the trial court's decision to terminate parental rights under Minn.Stat. § 260.221, subd. 1(6). This subsection, when construed with the definition of "egregious harm" under Minn.Stat. § 260.015, subd. 29, permits termination of parental rights when a child has experienced egregious harm in the parent's care, regardless of whether there is a parent-child relationship between the person whose parental rights are sought to be terminated and the child who suffered the egregious harm. We decline to review constitutional issues raised for the first time on appeal.

**Affirmed.**