Kirk N. GOMON, et al.,
etc., Appellants,

v.

NORTHLAND FAMILY PHYSICIANS,
LTD. and Harvey D. Smith, M.D.,
Respondents.

No. C8–00–1465.

Court of Appeals of Minnesota.

May 1, 2001.

Reed K. Mackenzie, Mark Hallberg, Mackenzie & Hallberg, P.A., Minneapolis, MN, (for appellants).

William M. Hart, Rodger A. Hagen, Meagher & Geer, P.L.L.P., Minneapolis, MN, (for respondents).

Considered and decided by SCHUMACHER, Presiding Judge, KALITOWSKI, Judge, and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge

Appellants Kirk N. Gomon and Carol Gomon challenge the district court's grant of summary judgment on their medical-malpractice claim in favor of respondents Northland Family Physicians, Ltd., and Harvey D. Smith, M.D., based on the two-year statute of limitations established in Minn.Stat. § 541.07 (1996). Appellants assert that because their action was commenced after August 1, 1999, the four-year statute of limitations established in Minn. Stat. § 541.076 (Supp.1999) applies. Because we hold that Minn.Stat. § 541.076 does not apply retroactively to revive an action that was time-barred before the effective date of the new statute, we affirm.

## FACTS

During a routine physical examination of Kirk Gomon on July 23, 1996, Dr. Smith, a family-practice doctor employed by Northland Family Physicians, Ltd., observed that Gomon's left nipple was inverted and that there was a palpable mass surrounding the area of the nipple. Dr. Smith concluded that the mass was merely the nipple and did not recommend further testing or follow-up examinations or treatment.

In July and August 1998, Gomon was seen at a different clinic where he was diagnosed with and treated for breast cancer. On December 3, 1999, the Gomons brought a medical-malpractice action against respondents alleging that Dr. Smith was negligent in failing to require further evaluation in 1996 to rule out the presence of breast cancer. Respondents asserted a statute-of-limitations defense and successfully moved for summary judgment. This appeal followed.

## ISSUE

Does Minn.Stat. § 541.076 (Supp.1999), which establishes a four-year statute of limitations for medical-malpractice actions commenced on or after August 1, 1999, apply retroactively to revive a claim that was time-barred prior to August 1, 1999?

## ANALYSIS

This court asks two questions when reviewing an appeal from summary judgment: (1) whether any genuine issues of material fact exist and (2) whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). Because the parties do not dispute the facts, the sole question is one of statutory interpretation, which is a question of law that this court reviews de novo. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990).

The parties agree that the Gomons' cause of action against respondents accrued on July 23, 1996. At the time the

cause of action accrued, the statute of limitations for medical-malpractice claims was two years from the date the claim accrued, and therefore the Gomons' claim was time-barred on July 23, 1998. Minn.Stat. § 541.07(1) (1996); *see Kannellos v. Great N. Ry.*, 151 Minn. 157, 161, 186 N.W. 389, 391 (1922) (recognizing where cause of action accrued in 1917, but plaintiff failed to commence action until 1921—a year after the two-year statute of limitations expired—the action was barred).

In 1999, the legislature repealed Minn. Stat. § 541.07 (1996) as applied to health-care providers and enacted Minn.Stat. § 541.076 (Supp.1999). Under the new law, which took effect August 1, 1999, the statute of limitations for claims against a health-care provider alleging malpractice, error, mistake, or failure to cure, whether based on a contract or tort, is four years from the date the claim accrues. Minn. Stat. § 541.076. The new statute of limitations applies "to actions commenced on or after [August 1, 1999]." 1999 Minn. Laws ch. 23, § 3 (codified at Minn.Stat. § 541.076(b) (2000)). The Gomons commenced their action on December 3, 1999, which is after August 1, 1999 and within four years after the date the cause of action accrued. The narrow issue in this case is whether the four-year statute of limitations applies retroactively to revive a claim that was time-barred prior to August 1, 1999.

■ "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn. Stat. § 645.21 (2000). Consequently, statutes are presumptively viewed as having only a prospective effect. The parties agree that the legislature can, by clear legislative intent, alter a statute of limitations to bar or revive claims retroactively and that there is no general constitutional impediment to legislation that operates to revive a cause of action that has already become time-barred. *Donaldson v. Chase Sec. Corp.*, 216 Minn. 269, 276, 13 N.W.2d 1, 4 (1943), aff'd, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945).

■ The legislature provided that the four-year statute of limitations "is effective August 1,1999, and applies to actions commenced on or after that date." 1999 Minn. Laws ch. 23, § 3. The Gomons argue that this language demonstrates a clear and manifest intent to apply the four-year statute of limitations retroactively to revive claims that were time-barred but not commenced before August 1, 1999, so long as the action was commenced within four years after the date the claim accrued. In support of their position, the Gomons rely heavily on *LaVan v. Community Clinic*, 425 N.W.2d 842 (Minn.App.1988), *review denied* (Minn. Aug. 24, 1988). *LaVan* addressed whether the 1986 Tort Reform Act provision that shortened the period of time within which a minor could bring a medical-malpractice action was retroactive, thereby barring LaVan's claim. As in this case, the amendment applied to " 'all actions commenced on or after the effective date,' " however other provisions in the Act were designated to " 'apply to claims arising from incidents that occur on or after' " the effective date. *Id.* at 844–45. This court noted:

> As it did with other portions of the statute, the legislature could have provided that [the amendment] applied to *claims arising* from incidents which occurred on or after the effective date. However, the legislature specifically provided the amendment was applicable to all *actions commenced* on or after the effective date. This language indicates a clear legislative intent to apply the amendment retroactively.

*Id.* at 845. In the instant case there is no contrasting language from which we can

draw a similar conclusion about the legislature's intent. Also, and more importantly, *LaVan* did not involve revival of a claim that was time-barred prior to the effective date of an amendment extending a statute of limitations. The narrow issue decided here is whether the new statute applies retroactively to revive an otherwise time-barred action before the application date of the new statute. We do not address in this opinion whether the two- or four-year statute of limitations applies to causes of action that accrued but were not yet time-barred before August 1, 1999.

■ Respondents argue that *reviving* an already time-barred claim is a much more serious matter than merely *extending* the period of limitations for a claim that is not yet time-barred on the effective date of the new statute, although both applications could be labeled "retroactive." We agree. Even if a statute is intended to apply retroactively to claims that are not time-barred on the effective date of the statute, it is not necessarily intended to apply retroactively to revive a previously time-barred claim. *See Whittier v. Village of Farmington*, 115 Minn. 182, 187, 131 N.W. 1079, 1081 (1911) (ruling amendment of statute to extend the time to file notice of appeal in proceedings to contest an election from six years to eight years "would not revive" a claim time-barred a few days prior to the change in the law, even though it would operate to extend the time as to all causes of action not then barred by the old statute). In *Whittier*, the supreme court stated:

> But we have found no case where it has been held that a right, once existing, but lost because of a failure to comply with a statute, a compliance with the provisions of which was essential to its preservation, has been revived by an amendment to the statute changing the steps necessary to protect the right. This is illustrated by changes in statutes of limita-

tion. A particular statute limits the right to commence an action to six years from the time the cause of action accrued. An amendment of that statute extending the time to eight years would not revive a cause of action which became barred a few days prior to the change in the law, though it would operate to extend the time as to all causes of action not then barred by the old statute. * * * [I]t would be a strain upon the rules of statutory construction to hold that [a time-barred claim] might be resurrected under the amended law. * * *

> [I]f the power [of the legislature to revive a right of action] be conceded, the intention to revive should be made clearly to appear by the terms of the statute, and not left to inference.

115 Minn. at 187–88, 131 N.W. at 1081.

■ Eleven years later, in *Kannellos*, the supreme court discussed the intent of Congress regarding the Transportation Act, stating:

> [I]t is clear that the language of the Transportation Act, though confessedly retroactive in operation, is not such as to justify the conclusion that by it Congress intended to revive rights of action barred, and not in fact existing at the time of the passage of that act. It properly may be construed as including all rights of action then existing, and not barred by failure to bring suit within the time limit. But no rule of statutory construction with which we are familiar will justify the conclusion of an intent to restore the dead and down right to life and vitality; an intent to that effect should be specific in language and free from doubt.

151 Minn. at 161, 186 N.W. at 391. These cases illustrate that revival of time-barred actions has been viewed as a separate is-

sue from retroactive application of statutes. The general rule concerning the extension or repeal of a limitations period was announced by the supreme court in 1921:

> [T]he statute [of limitations] in force at the time the action is brought controls, unless the time limited by the old statute for commencing an action has elapsed, while the old statute was [still] in force, and before suit is brought, in which case the suit is barred * * *.

*State ex rel. Donovan v. Duluth St. Ry.*, 150 Minn. 364, 366, 185 N.W. 388, 389 (1921) (quotation omitted). The Gomons argue that Minn.Stat. § 645.21 overrules the distinction between "retroactive" and "revival." We find no support for this assertion and disagree. In 1980, the supreme court drew a distinction between a right to bring a claim that was not time-barred on the effective date of a statutory amendment to the Workers' Compensation Act and a claim that was time-barred. *Klimmek v. Independent Sch. Dist. No. 487*, 299 N.W.2d 501, 503 (Minn.1980) (holding that a statutory amendment, which deleted a provision requiring an employee who had received workers' compensation to bring an action for further compensation within eight years from the date he last received compensation, applied to a claim *that had not been barred by the eight-year limitation period on the amendment's effective date*).[1] This court has recognized a continuing distinction between claims not time-barred on the effective date of a statute expanding a limitations period and those that are time-barred. *See Wschola v. Snyder*, 478 N.W.2d 225, 226 (Minn.App.1991) (holding that an amendment to the Minnesota Human Rights Act increasing the limitations period from 300 days to one year applied "retroactively" to causes of action *not yet time-barred under the old statute of limitations on the effective date of the new statute*), *review denied* (Minn. Feb. 10, 1992). In *Wschola*, this court noted that although *Klimmek* suggests that the application of a new statute of limitations to an existing cause of action is not a retroactive application, other cases have analyzed such application as within Minn.Stat. § 645.21. *Id.* at 227. The distinction between applying an expanded statute of limitations "retroactively" to claims not yet barred under the old statute on the effective date of the new statute and application to claims time-barred prior to the effective date of the new statute, has clearly survived after passage of Minn.Stat. § 645.21.

The Gomons argue that the "commenced on or after" language is superfluous unless the statute was intended to revive actions that accrued prior to, but were time-barred before August 1, 1999. It is a "maxim of statutory construction that a statute is to be construed, if possible, so that no word, phrase, ·or sentence is superfluous, void, or insignificant." *Duluth Firemen's Relief Ass'n v. City of Duluth*, 361 N.W.2d 381, 385 (Minn.1985) (citation omitted). The language will only be superfluous if the statute is determined not to retroactively apply to claims not time-barred before the effective date, an issue that is not before this court.

As an alternative to their position that the statutory language unambiguously provides for retroactive application to revive their claim, the Gomons argue

---

1. In *Klimmek,* the supreme court said that if application of an amendatory statute does not revive a claim that had been barred, the application is not retroactive. 299 N.W.2d at 503. Nonetheless, the opinion denotes the court's continuing distinction between cases that are not time-barred and those that are time-barred prior the effective date of an amendment.

that the legislative history of Minn.Stat. § 541.076 shows a clear and manifest legislative intent to retroactively revive their time-barred claim. This court will employ legislative history as a tool for construing statutory language only when the legislative language is ambiguous. *State v. Sebasky*, 547 N.W.2d 93, 99 (Minn.App.1996), *review denied* (Minn. June 19, 1996). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (2000).[2] Considering the effective-date language in light of existing caselaw on claim revival, we hold that Minn. Stat. § 541.076 is not ambiguous and does not express a clear and manifest intent by the legislature to apply the statute retroactively to revive actions that were time-barred prior to its effective date.

Even if we had found the statute's language ambiguous, we disagree with Gomons' assertion that the existing legislative history demonstrates an intent to revive time-barred actions. There was some discussion on February 4, 1999, of an intent to revive time-barred actions. *Hearing on H.F. No. 56 Before the House Comm. on Health & Human Servs.* (Feb. 4, 1999).[3] But, the following discussion occurred on March 8, 1999, just before the senate passed the bill:

> Kiscaden: * * * I just want to make sure that the effectiveness date accomplishes what we had agreed to in committee in terms of not being able to initiate any causes of action, not renewing old claims and so on.

Betzold: * * * This was an issue that was discussed quite a bit in the Judiciary Committee. Section 3 of the bill says that Section 2 is effective August 1, 1999. That is a new statute of limitations of four years, commences on October 1, 1999[sic] so and applies to actions commenced on or after that date. So if there is treatment that were to end on July 31 of 1999, that is a two-year statute of limitations. If the treatment ends on August 1, 1999, it is four years.

* * *

Oliver: * * * Senator Betzold, do you have any idea if this is going to have an adverse effect on malpractice insurance rates?

Betzold: * * * [T]he issue was discussed in the Judiciary Committee. The estimates that we had received was this would probably not have an appreciable effect. In any event, because the effective date comes after August 1st, it should not affect any existing premium so that we are now [sic] retroactively trying to pick up any cases out there. I, we did ask for a fiscal note on this which actually came after the bill had already passed through committees, and the Department of Human Services estimated that it would not have any impact on their budget.

*Senate Floor Debate on H.F. No. 56* (Mar. 8, 1999) (statements of Sens. Kiscaden, Oliver, and Betzold). There was no further discussion about retroactive application before the senate passed the bill. The final discussion, therefore, appears to have represented to the senators that this bill

---

**2.** Whether language is ambiguous is a question of law. *Halverson v. Halverson*, 381 N.W.2d 69, 71 (Minn.App.1986). Where a statute is ambiguous, this court may consider legislative history as a factor in determining intent. *First Nat'l Bank v. Gregg*, 556 N.W.2d 214, 217 (Minn.1996).

**3.** The district court had before it transcriptions of the legislative hearings. These transcripts are in the district court file.

would not even retroactively extend the four-year limitation to actions that accrued prior to August 1, 1999, let alone revive time-barred actions.

## DECISION

Minn.Stat. § 541.076 (Supp.1999), which establishes a four-year statute of limitations for medical-malpractice actions commenced on or after August 1, 1999, does not revive a cause of action that was time-barred under Minn.Stat. § 541.07 (1996) prior to August 1, 1999. The district court correctly granted summary judgment to respondents.

**Affirmed.**

SCHUMACHER, Judge (dissenting).

I respectfully dissent. The plain language of Minn.Stat. § 541.076 (2000) indicates a clear legislative intent to apply the four-year statute of limitations to all actions commenced on or after August 1, 1999. 1999 Minn. Laws ch. 23, § 3. Here, because the action was commenced after that effective date, the four-year statute of limitations should apply. The effective-date language at issue here is precisely the language that this court has previously deemed an expression of clear legislative intent to apply an amended statute of limitations retroactively. *See LaVan v. Cmty. Clinic of Wabasha,* 425 N.W.2d 842, 845 (Minn.App.1988).

Regarding revival, our caselaw has carved out exceptions for workers' compensation and Minnesota Human Rights Act claims where effecting the clear legislative intent of retroactive application is not a violation of the public policy supporting statutes of limitations. *See Wschola v. Snyder,* 478 N.W.2d 225, 227–28 (Minn. App.1991) (reversing application of 300 day statute of limitations to MHRA claim filed 308 days after termination where legislature amended statute of limitations to one

year), *review denied* (Minn. Feb. 10, 1992). In the medical malpractice context, where individuals may not know of the harm suffered until well after the date a cause may accrue, such an exception is well-founded and effects the clear legislative intent of retroactive application. I would reverse.