# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3249

_____

Patricia L. Larsen; Donald Larsen,      *
                                        *
             Appellants,                *      Appeal from the United States
                                        *      District Court for the District
      v.                                *      of Minnesota.
                                        *
Mayo Foundation,                        *         [UNPUBLISHED]
                                        *
             Appellee.                  *

_____

Submitted: October 19, 2001

Filed: October 24, 2001

_____

Before BYE, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

      Patricia L. Larsen received medical treatment from Mayo Clinic, a subsidiary of Mayo Foundation, in 1996. More than two years later, in 1998, Larsen and her spouse filed a diversity action in Minnesota against Mayo Foundation, alleging the 1996 treatment was negligent and caused Larsen further health problems. Because Minnesota's two-year statute of limitations had expired before the Larsens' lawsuit was properly filed, the district court granted Mayo Foundation's motion for summary judgment and we affirmed. Larsen v. Mayo Med. Ctr., 218 F.3d 863, 865 (8th Cir. 2000), cert. denied, 531 U.S. 1036 (2000). Effective August 1, 1999, the Minnesota

legislature amended the medical malpractice statute of limitations, extending it from two years to four for "actions commenced on or after that date." Act of Mar. 23, 1999, ch. 23, sec. 3, 1999 Minn. Laws 128, 130 (application of sec. 2 of the Act) (sec. 2 codified at Minn. Stat. § 541.076 (2000)). The Larsens then refiled their lawsuit in November 1999, contending the amended statute of limitations should be applied retroactively and allow their lawsuit to proceed. The district court[*] again granted summary judgment for Mayo Foundation, holding the principle of res judicata precluded the Larsens from litigating the statute of limitations issue. The Larsens appeal, and we affirm.

We review the grant of summary judgment de novo. Larsen, 218 F.3d at 866. Additionally, we apply Minnesota law on the substantive questions of res judicata and the statute of limitations because these issues are controlled by state law in diversity actions. See Hillary v. Trans World Airlines, Inc., 123 F.3d 1041, 1043 (8th Cir. 1997).

Res judicata precludes a later lawsuit when the same issue has already been adjudicated to a final judgment on the merits in a case involving the same parties. Wilson v. Comm'r of Revenue, 619 N.W.2d 194, 198 (Minn. 2000) (elements of res judicata). The Larsens contend res judicata does not bar their second lawsuit because the dismissal of the first case was not a judgment on the merits. Minnesota law clearly states that dismissing a case because the statute of limitations has run is a judgment on the merits and bars a later lawsuit about a substantially similar claim, even if brought under a different statute of limitations. Nitz v. Nitz, 456 N.W.2d 450, 452-53 (Minn. Ct. App. 1990); Sautter v. Interstate Power Co., 567 N.W.2d 755, 759 (Minn. Ct. App. 1997). The district court correctly applied this rule.

---

[*]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

The Larsens also contend their case should be allowed under an "exceptional circumstance" exception to res judicata. The district court noted the Minnesota Supreme Court has held "res judicata is a 'flexible doctrine' that need not always be applied if it would be contrary to the interests of justice." Larsen v. Mayo Found., No. 99-1726, slip op. at 6 (D. Minn. Aug. 23, 2000) (citing R.W. v. T.F., 528 N.W.2d 869, 872 n.3 (Minn. 1995); Johnson v. Consol. Freightways, Inc., 420 N.W.2d 608, 613-14 (Minn. 1988); AFSCME Council 96 v. Arrowhead Reg'l Corr. Bd., 356 N.W.2d 295, 299 (Minn. 1984)); see also Minn. R. Civ. P. 60.02(e) (authorizing relief from judgments and orders no longer equitable). The district court then analyzed Minnesota law and concluded that contrary to the unusual factual and legal circumstances of the Minnesota cases applying the exception, the Larsens' "case involves a simple and straightforward failure to bring the first action within the applicable statute of limitations. . . . [A] change in the applicable statute of limitations is a common, not an extraordinary, circumstance." Larsen, No. 99-1726, slip op. at 7 (citing Simington v. Minnesota Veterans Home, 464 N.W.2d 529, 531 (Minn. Ct. App. 1990)).

We conclude the interests of justice do not require the Larsens' second lawsuit to proceed, even in light of the amended statute of limitations. In Minnesota, the statute of limitations in place at the time of injury governs the lawsuit, with two primary exceptions. First, if the legislature clearly intends for the revised statute of limitations to be retroactive, a plaintiff may file her otherwise time-barred claim under the new statute of limitations. Sarafolean v. Kauffman, 547 N.W.2d 417, 419-20 (Minn. Ct. App. 1996) ("window provision" signals clear intent). The Minnesota Court of Appeals has held the Minnesota legislature did not clearly intend to make the new statute retroactive, and the Minnesota Supreme Court has granted review to consider this issue in Morton v. Dyste, 627 N.W.2d 734, 737 (Minn. Ct. App. 2001), pet. for rev. granted, (Aug. 15, 2001) (No. C4-00-002046) and Gomon v. Northland Family Physicians, Ltd., 625 N.W.2d 496, 502 (Minn. Ct. App. 2001), pet. for rev. granted, (July 24, 2001) (No. C8-00-001465). In Morton and Gomon, however, the

plaintiffs filed their lawsuits for the first time under the amended statute of limitations. The Larsens' question of whether a plaintiff whose case was previously filed and dismissed as untimely can refile is not before the Minnesota Supreme Court and we have found no Minnesota cases authorizing a lawsuit to proceed under these circumstances. As for the second exception, if the statute of limitations is extended while a plaintiff's original claim is still timely, the revised statute of limitations governs the claim, in effect "grandfathering in" the plaintiff's claim under the new statute of limitations. Donovan v. Duluth St. Ry. Co., 185 N.W. 388, 388-9 (Minn. 1921); Klimmek v. Indep. Sch. Dist. No. 487, 299 N.W.2d 501, 502 (Minn. 1980). The Minnesota legislature amended the statute of limitations effective August 1, 1999–more than one full year after the statute of limitations governing the Larsens' claim expired–and so the amendment does not extend the original statute of limitations for the Larsens.

The Larsens' lawsuit presents for a second time the same claim between the same parties, which has already been adjudicated to a final judgment on the merits. Res judicata bars the lawsuit absent an exceptional circumstance, and there is no exceptional circumstance in this case. We thus affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.